IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN GREER, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF MARY B. GREER, DECEASED, Plaintiff, | § § § § § § | |
| v. | § § | C.A. No. 4:19-cv-2132 |
| JOHN HANCOCK LIFE INSURANCE COMPANY (USA), Defendant. | § § § | |

## EXHIBIT B - INDEX OF STATE COURT DOCUMENTS

1.  Docket Sheet, B-1;

2.  Petition for Declaratory Judgment to Determine Beneficiary of Life Insurance Contract, filed 05/14/2019, B-2;

3.  Citation to John Hancock Life Insurance Company (U.S.A.), filed 05/16/2019, B-3;

4.  Citation Return for John Hancock Life Insurance Company (U.S.A.), filed 05/20/2019, B-4;

5.  First Notice of Submission, filed 05/28/2019, B-5;

6.  Second Notice of Submission, filed 05/29/2019, B-6;

7.  Defendant's Original Answer, filed 06/06/2019, B-7.

EXHIBIT B

Dated: June 13, 2019       Respectfully submitted,

      By: */s/ Andrew G. Jubinsky*
         Andrew G. Jubinsky
         Attorney-in-Charge
         State Bar No. 11043000
         Fed. I.D. # 8603
         andy.jubinsky@figdav.com
         Raha Assadi
         Texas Bar No. 24105444
         Fed. I.D. No. 3265265
         raha.assadi@figdav.com

      **FIGARI + DAVENPORT, L.L.P.**
      901 Main Street, Suite 3400
      Dallas, Texas 75202
      Telephone: (214) 939-2000
      Facsimile: (214) 939-2090

      ATTORNEYS FOR DEFENDANT JOHN HANCOCK
      LIFE INSURANCE COMPANY (U.S.A.)

## CERTIFICATE OF SERVICE

I hereby certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be served by certified mail, return receipt requested, on June 13, 2019.

      */s/ Andrew G. Jubinsky*
      Andrew G. Jubinsky

# Probate

**Case Number**

467380-401

**Court**

All

**Status**

-All

**File Date (From)**

MM/DD/YYYY

**File Date (To)**

MM/DD/YYYY

SEARCH   CLEAR

◉ **Party** ○ **Attorney** ○ **Company**

**Last Name**

**First Name**

**File Date (From)**

MM/DD/YYYY

**File Date (To)**

MM/DD/YYYY

SEARCH   CLEAR

8 Record(s) Found.

| Case | File Date | Type Desc | Subtype | Style | Status | Judge |
|---|---|---|---|---|---|---|
| 467380-401 | 05/14/2019 | ANCILLARY (INDEPENDENT ADMINISTRATION) | LAWSUIT FOR DECLARATORY JUDGMENT (INDEP.) | IN THE ESTATE OF: MARY B. GREER, DECEASED | Open | JASON COX |

| Event Date | Event Desc | Comments | | Pgs |
|---|---|---|---|---|
| 06/06/2019 | Answer | | JH Answer.pdf | 2 |

EXHIBIT B-1

| 06/04/2019 | CC & Non-CC Order | COPY ORDER FORM I91706 | | |
| 05/29/2019 | Misc. Notice | of Submission | GreerNotSub.pdf | 2 |
| 05/28/2019 | Misc. Notice | Notice of Submission | 467380_401_NoticeSubmission.pdf2 | |
| 05/20/2019 | Citation Returned | JOHN HANCOCK LIFE INSURANCE COMPANY (USA) C/O REGISTERED AGENT CUSTOMER SERVICE CENTER | P262893_001.pdf | 1 |
| 05/16/2019 | Lawsuit Personal - Out / Private | John Hancock Life Insurance Company (USA), by and through its Registered Agent-Customer Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 | Personal - Lawsuit (out /private) | 1 |
| 05/15/2019 | Request | 1 Pers by P/P | 467380_401_LtrClk.pdf | 1 |
| 05/14/2019 | eFile Original Petition | Petition for Declaratory Judgment To Determine Beneficiary of Life Insurance Contract | Greer_PetDeclJ.pdf | 81 |

~~Probate Court No. 2~~

Probate Court No. 3

FILED
5/14/2019 11:27 AM
Diane Trautman
County Clerk
Harris County - ~~County Probate Court No. 2~~
Accepted By: AA

NO. 467,380-<u>401</u>

| | | |
|---|---|---|
| MARILYN J. GREER, INDIVIDUALLY | § | IN THE PROBATE COURT |
| AND AS INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF MARY B. GREER, | § | |
| DECEASED, Petitioner | § | |
| | § | Three (3) |
| VS. | § | NUMBER T~~WO (2)~~ OF |
| | § | |
| JOHN HANCOCK LIFE | § | |
| INSURANCE COMPANY (USA), | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PETITION FOR
### DECLARATORY JUDGMENT
### <u>TO DETERMINE BENEFICIARY OF LIFE INSURANCE CONTRACT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the **ESTATE OF MARY B. GREER, DECEASED** ("Estate"), by and

through **MARILYN J. GREER**, as the Independent Executor and **MARILYN J. GREER**,

individually (collectively "Petitioner") and file this *Petition for Declaratory Judgment to Determine*

*Beneficiary of Life Insurance Contract*, and in support thereof would show the Court as follows:

### I.

### <u>Parties</u>

1.      **MARY B. GREER** ("Decedent") died on April 15, 2018.  The Decedent's LAST

WILL AND TESTAMENT dated July 31, 2015 ("Will") was probated in this Court under Cause No.

467,380.  Petitioner qualified as Independent Executor of the Estate on July 17, 2018.  The mailing

address of the Petitioner is 3324 Parkwood Drive, Houston, Harris County, Texas 77021.  A copy

EXHIBIT B-2

of her LETTERS TESTAMENTARY is attached hereto as **Exhibit "A"** and incorporated herein for all purposes.

2.     Defendant, **JOHN HANCOCK LIFE INSURANCE COMPANY (USA)** ("Company"), is a company qualified to do business in Texas and can be served by serving its registered agent, Customer Service Center, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

II.

**Venue**

Venue is proper in Harris County, Texas as the Petitioner is and the Decedent was a resident of Harris County, Texas.

III.

**Jurisdiction**

This action arises over the payment of life insurance proceeds upon the death of the Decedent in Harris County, Texas. The amount in controversy exceeds the minimal jurisdictional requirements of this Court.

IV.

**Facts**

1.     On August 2, 2007, Decedent signed an application to purchase a *Flexible Premium Adjustable Life Insurance Policy* ("Policy") on her life from Defendant, through her broker, HUCKIN FINANCIAL GROUP, INC. of Houston, Texas, and its representative, John Ache, for the purposes of creating liquidity to pay estate taxes upon her death. A copy of the APPLICATION FOR LIFE

INSURANCE ("Application") dated January 29, 2008 is attached hereto as **Exhibit "B"** and incorporated herein for all purposes.

2.      In Section 8. of the Application, Decedent named her child, **WILLIAM GREER** ("Mr. Greer"), as the primary beneficiary of Policy proceeds with no listed contingent beneficiary. The Policy issued on Decedent's life (Policy Number 93 902 849) named Mr. Greer as the owner as well as beneficiary for the face amount of $350,000.00.

3.      Mr. Greer did not earn reportable income during his lifetime that was credited to a social security account upon Petitioner's inquiry with the local Social Security Administration office.

4.      All premiums with respect to the Policy were made from a joint account in the names of Petitioner, Decedent and Mr. Greer. All funds were contributed by Decedent to this account. A copy of the BANK OF AMERICA statement noting the joint names is attached hereto as **Exhibit "C"** and incorporated herein for all purposes.

5.      Mr. Greer died on August 4, 2017 without a spouse or descendants and was survived by the Decedent and the Petitioner. A copy of Mr. Greer's CERTIFICATE OF DEATH is attached hereto as **Exhibit "D"**[1] and incorporated herein for all purposes.

6.      The relevant part of Section 8. of the Policy titled Policy Termination subtitled Termination Date states that the Policy terminates upon *"(c) the death of the life insured"*. Since Mr. Greer, the owner and sole beneficiary of the Policy died on August 4, 2017 and was survived by the Decedent, the Policy continued in effect until the Decedent died on April 15, 2018. A copy

---

[1]        Pursuant to Court's request, **Exhibit "D"** cannot be efiled.

of the Policy dated February 28, 2008 is attached hereto as **Exhibit "E"** and incorporated herein for all purposes.

7.      The relevant part of Section 16. of the Policy titled <u>Owner and Beneficiary</u> subtitled <u>Payment to Beneficiaries</u> states that the Policy will pay the proceeds *"(c) if no primary or secondary beneficiary is then alive, to any final beneficiaries who are then alive."* No definition is set forth as to who are the *"final beneficiaries"* although Petitioner is the sole surviving member of her immediate family.

8.      The relevant part of Section 16. of the Policy titled <u>Owner and Beneficiary</u> subtitled <u>Death of Beneficiary</u> states *"If no beneficiary is alive when the life insured dies, the Insurance Benefit will be payable to you; or if you are the life insured, to your estate."* *"You"* or *"your"* is defined on the first page of the Policy as the Policy owner.

9.      Petitioner has exercised her administrative remedy of making a claim on the Policy on April 11, 2019. A copy of the letter to the Company is attached hereto as **Exhibit "F"**[2] and incorporated herein for all purposes. <u>**Defendant has not responded to this claim.**</u>

### V.

### Laws and Arguments

1.      The Policy proceeds are a non-testamentary contractual asset in which the Policy terms govern unless such terms are otherwise not defined, vague or ambiguous. Section 16. of the Policy distinguishes a primary and secondary beneficiary from a final beneficiary stating that *"(c)*

---

[2]      Pursuant to Court's request, the CERTIFICATES OF DEATH in **Exhibit "F"** cannot be efiled.

*if no primary or secondary beneficiary is then alive, to any final beneficiaries who are then alive."*
Since Petitioner can only surmise who the Policy refers to as the *"final beneficiary"*, Petitioner seeks
a declaratory judgment naming Petitioner as the *"final beneficiary"* being the only living member
of her immediate family.

    2.     This Policy is governed under Texas law as set forth on page 3.0A of the Policy
attached hereto as **Exhibit "G"**. Title 7., Section 1103.152(c) of the Texas Insurance Code states
*"If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy
or contract under Subsection (a), the nearest relative of the insured is entitled to receive those
proceeds."* The nearest relative is the Petitioner.

    3.     The Company has sent three (3) letters dated May 21, 2018, July 31, 2018 and August
27, 2018 which conflict as to the name and beneficiary of the Policy proceeds. The Estate of
William Greer, Deceased was named in one such letter. However, under the terms of the Policy, this
determination directly conflicts with language stating that the proceeds would pass to the owner's
estate only *if such owner was the life insured*. **This was not the case**.

    5.     If the "final beneficiary" is determined to be the Decedent, the proceeds would pass
in any event to the sole beneficiary of Decedent's estate, the Petitioner.

    6.     The only portion of the Policy that could conceivably be included in Mr. Greer's
estate would be the Policy Value or Net Surrender Value as of the date of his death. An inforce
snapshot illustration dated August 2, 2017 shows no Policy Value or Net Surrender Value. A copy
of such illustration is attached hereto as **Exhibit "H"** and incorporated herein for all purposes.

VI.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Petitioner prays this Court enter a judgment declaring that Petitioner, **MARILYN J. GREER**, is the sole beneficiary of the Policy proceeds on the life of the Decedent and ordering that the death benefit payable under the Policy be paid by Defendant to Petitioner, and that other orders be entered as the Court may deem proper.

Respectfully submitted,

THE LAW OFFICES OF LEONARD S. ROTH, P.C.

By:_____

Matthew G. Wheatley
State Bar No. 24102819
Leonard S. Roth
State Bar No. 17313550
4265 San Felipe, Suite 500
Houston, Texas  77027
ph:  (713) 622-4222
fax: (713) 622-4227
email:  LSRPC@aol.com

ATTORNEYS FOR PETITIONER

# EXHIBIT "A"

Copy of
LETTERS TESTAMENTARY



# Diane Trautman
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### PROBATE COURTS DEPARTMENT

In Matter of Probate                                (

County Probate Court No. 3                   ( Docket No. 467380

                                                             ( In the Estate of: **Mary B. Greer,**
Harris County, Texas                           ( **Deceased**

## LETTERS TESTAMENTARY

Know all men by these presents that it is hereby certified:

1. On **July 17, 2018, Marilyn J. Greer** was duly appointed by order of said court as **Independent Executor,** of the Last Will and Testament of **Mary B. Greer, Deceased;**

2. On **July 17, 2018,** said **Independent Executor** qualified as the law requires;

3. Insofar as the records in my office show, said **Independent Executor** is still acting in said capacity.

Witness my hand and seal of said court, at Houston, Texas, on April 08, 2019.

(SEAL)

                                            Diane Trautman, County Clerk
                                            County Probate Court No. 3
                                            201 Caroline, Room 800
                                            Harris County, Texas

                                            *Andrea Guzman*
                                            Andrea Guzman
                                            Deputy County Clerk

**EXHIBIT "B"**

Copy of
APPLICATION FOR LIFE INSURANCE
dated January 29, 2008

:

*John Hancock.*

**Application for Life Insurance**
☐ John Hancock Life Insurance Company (U.S.A.)
☐ John Hancock Variable Life Insurance Company
☐ John Hancock Life Insurance Company
(hereinafter referred to as The Company)
• Print and use black ink. Any changes must be initialed by the Proposed Life Insured(s) and/or Owner(s).

Service Office:
200 BLOOR STREET EAST
TORONTO, ONTARIO
CANADA M4W 1E5

Policy No. (for Internal Use Only)

F11-2MR&I 1
2006 FEB -4
3:10
MANULIFE SI-NE

**Proposed Life Insured (Life One)**

1. a) Name — First **Mary** Middle — Last **Greer**
   b) Date of Birth **Redacted** c) Sex ☐ M ☒ F
   d) Place of Birth — State / County
   e) Citizenship ☒ U.S. ☐ Other
   f) Social Security/ Tax ID Number **Redacted**
   g) Driver's License No. **Redacted** State **Texas**
   h) Home Address Street No. & Name, Apt No. **10903 Wild Grape**
      City **San Antonio** State **TX** Zip code **78230**
   i) Years at this Address
   j) Tel Nos. Home ( ) Business ( )
   k) Name of Employer **RETIRED**
      Address of Employer Street No. & Name, Apt No.
      City / State / Zip code
   l) Occupation

**Proposed Life Insured (Life Two)**

2. a) Name — First / Middle / Last
   b) Date of Birth — mm / dd / yy c) Sex ☐ M ☐ F
   d) Place of Birth — State / County
   e) Citizenship ☐ U.S. ☐ Other
   f) Social Security/ Tax ID Number
   g) Driver's License No. State
   h) Home Address Street No. & Name, Apt No.
      City / State / Zip code
   i) Years at this Address
   j) Tel Nos. Home ( ) Business ( )
   k) Name of Employer
      Address of Employer Street No. & Name, Apt No.
      City / State / Zip code
   l) Occupation

**Owner – Complete information only if Owner is other than Proposed Life Insured.**

If Trust Owner, complete questions 3. a), d) and e) and Trust Certification PS5101. Date of Trust — mm / dd / yy

3. a) Name **William Greer**
   b) Date of Birth **Redacted** (If individually owned) c) Relationship to Proposed Life Insured(s) **SON** d) Social Security/ Tax ID Number **Redacted**
   e) Address Street No. & Name, Apt No. **10903 Wild Grape** City **San Antonio** State **TX** Zip code **78230**

4. Multiple Owners - *Provide details as above for other owner(s) on a separate page.* Type of ownership ☐ Joint with right of survivorship ☐ Tenants in Common

KB5000US (09/2005)

**Other Information - MUST BE COMPLETED**

5. Is there, or will there be, an understanding or agreement providing for a party, other than the Owner designated in question 3. a), to obtain any right, title or other legal or beneficial interest in any policy issued on the life of the Proposed Life Insured(s) as a result of this application?

   ☒ No   ☐ Yes - give details _____

6. a) What is the source of the funding for the policy(ies) currently applied for?   *Current Assets*

   b) Will the Owner, now or in the future, be paying premiums funded by an individual and/or an entity other than the Proposed Life Insured(s), or the Proposed Life Insured's employer?   ☐ Yes - If Yes, answer question 7.   ☒ No - If No, proceed to question 8.

7. Will the premiums be financed through a loan?

   ☒ No - If No, describe the funding arrangement. _____

   ☐ Yes - If Yes, answer the following questions.

   a) What is the interest rate per annum? _____ %

   b) In addition to repayment of principal and interest, are there other fees, charges or other consideration to be paid on maturity?
      ☐ No   ☐ Yes - give details _____

   c) What is the duration of the loan? _____   d) Who is the lender? _____

   e) What amount and type of collateral is required to secure the loan?   Amount $ _____   Type of Collateral _____

**Beneficiary Information - Subject to change by Owner**

8. a) Name of Primary Beneficiary   First *William*   Middle   Last *Greer*

   b) Relationship to Proposed Life Insured(s)   *Son*

   c) Name of Secondary Beneficiary   First   Middle   Last

   d) Relationship to Proposed Life Insured(s)

**Coverage Applied For**

9. Complete the applicable Policy Details Form NB5007 (Universal Life), NB5008 (Variable Life) or NB5013 (Term & Traditional Life) for details of the policy being applied for, including Supplementary Benefits and other benefit options.

**Juvenile Insurance - Do not complete for Children's Insurance Rider.**   *N/A*

10. a) Are all siblings equally insured?   ☐ Yes   ☐ No

    b) Amount of life insurance currently in force or pending on parent(s)/guardian(s)   $ _____

    If none, give details. _____

**Existing and Pending Insurance - Proposed Life Insured(s)**

|  | Life One | Life Two |
|---|---|---|
| 11. a) Total insurance in force on the Proposed Life Insured(s), including any policy that has been sold, assigned or settled to or with a settlement or viatical company or any other person or entity. | $ 0 | $ |
| b) Including this application, total insurance currently pending with all companies. | $ 700,000 | $ |
| c) Of the above pending amount in 11. b), how much do you intend to accept? | $ 700,000 | $ |

   d) Have you ever had an application for life or health insurance declined, postponed, rated or offered with a reduced face amount?   Life One: ☒ No   ☐ Yes - give details   Life Two: ☐ No   ☐ Yes - give details

   e) Provide information for each policy in force on the Proposed Life Insured(s), including any policy that has been sold, assigned or settled to or with a settlement or viatical company or any other person or entity. (Attach additional page if necessary.)

| Proposed Life Insured | Company | Insurance Group | Insurance Personal | Insurance Business | Issue Date mm/dd | Issue Date dd | Issue Date yyyy | To Remain In Force Yes | To Remain In Force No | Face Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ One ☐ Two | | ☐ | ☐ | ☐ | | | | ☐ | ☐ | $ |
| ☐ One ☐ Two | | ☐ | ☐ | ☐ | | | | ☐ | ☐ | $ |
| ☐ One ☐ Two | | ☐ | ☐ | ☐ | | | | ☐ | ☐ | $ |
| ☐ One ☐ Two | | ☐ | ☐ | ☐ | | | | ☐ | ☐ | $ |

## Existing and Pending Insurance - Proposed Life Insured(s) (continued)

| | Life One | | | | Life Two | | | |
|---|---|---|---|---|---|---|---|---|

11. l) Is *Disability Insurance* (DI) with Provident or Long Term Care (LTC) Insurance with the Company currently being applied for?

☐ Yes ☒ No          ☐ Yes ☐ No

If Yes, provide ☐ DI date of application          mm / dd / yyyy          mm / dd / yyyy

☐ LTC date of application          mm / dd / yyyy          mm / dd / yyyy

## Existing Insurance - Owner(s) Replacement(s) - MUST BE COMPLETED

12. Will this insurance replace existing policies or are you considering using funds from existing policies to pay premiums due on the new policy or contract?

☐ Yes ☒ No   If Yes, please complete the IMPORTANT NOTICE: Replacement of Life Insurance or Annuities (Standard Form), NB5017.

## Financial Questions

*Complete when applying for Face Amount of $250,000 or more, or any amount of Business Insurance, or when a Proposed Life Insured is over age 70.  (Please submit copies of financial statements, estate analysis, contractual agreements, etc.)*

13. a) What is the purpose of this insurance?     ESTATE CONSERVATION
(e.g. estate conservation, buy-sell, keyperson)

b) How was the need for the Face Amount determined?     Est. TAXES DUE

| | Life One | Life Two |
|---|---|---|
| c) Gross annual earned income (salary, commissions, bonuses, etc.) | $ | $ |
| d) Gross annual unearned income (dividends, interest, net real estate income, etc.) | $ | $ |
| e) Household net worth (combined) | $ | |

f) In the last 5 years, has/have either of the Proposed Life Insured(s), or the business had any major financial problems (bankruptcy, etc.)? ☐ No   ☐ Yes - give details

## Business Insurance - Complete for ALL Business Insurance

| | Current Year | Previous Year |
|---|---|---|
| 14. a) Assets | $ | $ |
| b) Liabilities | $ | $ |
| c) Gross Sales | $ | $ |
| d) Net Income after taxes | $ | $ |
| e) Fair Market Value of the business | $ | $ |

f) What percentage of the business is owned by the Proposed Life Insured(s)? _____ %

g) Are other partners/owners/executives being insured? ☐ Yes ☐ No
If Yes, give details.

## Smoking Questions

15. Have you ever used tobacco or nicotine products in any form (including cigarettes, cigars, cigarillos, a pipe, chewing tobacco, nicotine patches or gum)?

Proposed Life Insured (Life One) ☒ No   ☐ Yes - give details below          Proposed Life Insured (Life Two) ☐ No   ☐ Yes - give details below

| Product | Frequency | Current | Past | Date last used | | | Product | Frequency | Current | Past | Date last used | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cigarettes | pack(s) / day | ☐ | ☐ | mm | dd | yy | Cigarettes | pack(s) / day | ☐ | ☐ | mm | dd | yy |
| Cigars | x / day | ☐ | ☐ | | | | Cigars | x / day | ☐ | ☐ | | | |
| Other: | x / day | ☐ | ☐ | | | | Other: | x / day | ☐ | ☐ | | | |

## Lifestyle Questions - Please provide details in No. 21 for Yes answers. (Page 4)

16. Do you engage in regular exercise?

Proposed Life Insured (Life One) ☐ No   ☐ Yes - give details below          Proposed Life Insured (Life Two) ☐ No   ☐ Yes - give details below

a) What type of exercise?                                          a) What type of exercise?

b) How many times a week? _____  c) How long? (Hours or minutes per occasion) _____          b) How many times a week? _____  c) How long? (Hours or minutes per occasion) _____

| | Life One | | Life Two | |
|---|---|---|---|---|

17. Do you expect to travel outside the U.S. or Canada, or change your country of residence in the next 2 years?     ☐ Yes ☒ No   ☐ Yes ☐ No

18. a) Have you flown as a student pilot, licensed pilot, or crew member in any aircraft, including ultralight planes, in the last 2 years? If Yes, please complete Aviation Questionnaire NB5009.     ☐ Yes ☒ No   ☐ Yes ☐ No

b) Have you engaged in any form of motor vehicle or power boat racing, sky diving/parachuting, skin or scuba diving, hang-gliding, mountain climbing, or any other hazardous activities in the last 2 years? If Yes, please complete Avocation Questionnaire NB5010.     ☐ Yes ☒ No   ☐ Yes ☐ No

**Lifestyle Questions (continued) - Please provide details in No. 21 for Yes answers.**

| | Life One | Life Two |
|---|---|---|
| 19. a) Have you committed 2 or more moving violations within the last 2 years? | ☐ Yes ☐ No | ☐ Yes ☐ No |
| b) Have you been convicted of driving while intoxicated or while otherwise impaired? | ☐ Yes ☐ No | ☐ Yes ☐ No |
| 20. In the last 10 years, have you been convicted of a criminal offense? | ☐ Yes ☐ No | ☐ Yes ☐ No |

**21.**

| Proposed Life Insured (Life One) | | Proposed Life Insured (Life Two) | |
|---|---|---|---|
| Question No. | Details for any "Yes" answers to Lifestyle Questions | Question No. | Details for any "Yes" answers to Lifestyle Questions |
| | | | |
| | | | |
| | | | |

**Doctor/Physician - MUST BE COMPLETED**

| Proposed Life Insured (Life One) | Proposed Life Insured (Life Two) |
|---|---|
| 22. a) Date of last visit   mm  dd  yyyy | a) Date of last visit   mm  dd  yyyy |
| b) Reason for the visit | b) Reason for the visit |
| c) Diagnosis or outcome of the visit | c) Diagnosis or outcome of the visit |
| d) Treatment/medication prescribed | d) Treatment/medication prescribed |
| e) Name of doctor/physician consulted   First   Middle   Last | e) Name of doctor/physician consulted   First   Middle   Last |
| f) Address   Street No. & Name, Suite No.   City   State   Zip code | f) Address   Street No. & Name, Suite No.   City   State   Zip code |
| g) Provide name and address of doctor/physician with your complete medical records if other than above.   Name   First   Middle   Last   Address   Street No. & Name, Suite No.   City   State   Zip code | g) Provide name and address of doctor/physician with your complete medical records if other than above.   Name   First   Middle   Last   Address   Street No. & Name, Suite No.   City   State   Zip code |

**Medical Certification - Complete this section when submitting Medical Examination of another Insurer.**

23. The attached examination is on file of:

| Name of Proposed Life Insured | Name of Insurance Company | Date of Examination |
|---|---|---|
| | | mm   dd   yyyy |
| 1. | | |
| 2. | | |

| | Life One | Life Two |
|---|---|---|
| a) To the best of your knowledge and belief, are the statements in the examination true as of the date this application is signed? | ☐ Yes ☐ No | ☐ Yes ☐ No |
| b) Has the person who was examined, consulted a doctor/physician or received medical or surgical advice since the date of the examination? If Yes, give details: | ☐ Yes ☐ No | ☐ Yes ☐ No |

**Special Requests**

24.

Declarations and Authorizations

*John Hancock*

Service Office:
200 BLOOR STREET EAST
TORONTO, ONTARIO
CANADA M4W 1E5

## Application Supplement: Policy Details - Universal Life

- ☐ John Hancock Life Insurance Company (U.S.A.)
- ☐ John Hancock Variable Life Insurance Company
- ☐ John Hancock Life Insurance Company
  (hereinafter referred to as The Company)
- • This form is part of the Application for Life Insurance for the Proposed Life Insured(s).
- • Print and use black ink. Any changes must be initialed by the Proposed Life Insured(s) and/or Owner(s).

**2008 FEB** **MANULIFE-JHNB**

---

**Proposed Life Insured (Life One)**

| Name | First | Middle | Last |
|---|---|---|---|
| | MARY | | Greer |

**Proposed Life Insured (Life Two)**

| Name | First | Middle | Last |
|---|---|---|---|

Name(s) of Owner(s)  William Greer

---

**Plan Name**

Single Life
- ☐ Accumulation UL
- ☒ Protection UL-G
- ☐ Performance UL
- ☐ Other

Survivorship Life
- ☐ Protection SUL-G
- ☐ Performance SUL
- ☐ Other

---

**Amount**

1. Face Amount/
   Base Face Amount (BFA) excluding any additional benefits   $ 350,000    (Total Face Amount is the sum of the BFA and the SFA on Page 2.)

---

**Premiums**

2. Frequency:  ☒ Annual  ☐ Semi-Annual  ☐ Quarterly  ☐ List Billed
   ☐ Pre-Authorized Payment Plan (See Special Instructions on cover page and complete "Request for Pre-Authorized Payment Plan" - form NB5087US.)
   ☐ Other

---

**Premium Notices and Correspondence**

3. a) Send Premium Notices to: ☒ Owner(s)  ☒ Life One  ☐ Life Two  ☐ Employer's Address

   b) Send Correspondence to: ☐ Same as Premium Notices (as above)
      ☐ Other: Name & Address

| Street No & Name Apt No. | | |
|---|---|---|
| City | State | Zip code |

---

**UNIVERSAL LIFE - SINGLE LIFE**

4. a) Life Insurance Qualification Test  ☒ Guideline Premium    ☐ Cash Value Accumulation
   Note: Elected test cannot be changed after the policy is issued. You may request an illustration on both tests before making your election.

   b) Death Benefit Option  ☒ Option 1 (Face Amount/BFA)    ☐ Option 2 (Face Amount/BFA plus Policy Value)

   c) Additional Benefits
   - ☐ Total Disability Waiver of Monthly Deductions (Not available with Protection UL-G)
   - ☐ Disability Payment of Specified Premium (Not available with Accumulation UL or Performance UL) Monthly Specified Premium Amount  $
   - ☐ Return of Premium Death Benefit Rider (Protection UL-G, Accumulation UL and Performance UL with DB Option 1 only)
     Increase Rate ☐ Yes _____ %  ☐ No
     Percentage of Premiums to be returned at death (Whole numbers only. Maximum 100%) _____ %

   - ☐ Cash Value Enhancement/Enhanced Surrender Value Rider
   - ☐ Living Care Rider/Accelerated Death Benefit (for terminal illness)
   - ☐ LifeCare Benefit Rider (Please complete form NB5018.)

---

NB5007TX (02/2007)    Page 1 of 2

**UNIVERSAL LIFE - SINGLE LIFE - continued**

**Protection UL-G**

Policy Protection Rider (Check only one)   ☒ Policy Protection Rider        ☐ Policy Protection Rider - Enhanced
                                            ☐ Policy Protection Rider - Flex    ☐ Other _____

Loan Interest Rate ☒ Variable

**Accumulation UL**

☐ Supplemental Face Amount (SFA) (Check only one, if desired.)              ☐ Overloan Protection Rider (Only available with GPT)
  ☐ Level SFA of $ _____      for life of the policy
  ☐ Initial SFA of $ _____    with Total Face Amount increasing          ☐ Other _____
    by:  ___ % or $ _____     per year for ___ policy years (level thereafter)
  ☐ Customize Level or Increasing Schedule
    (List by policy year. SFA decreases cannot be scheduled at issue. Please complete form NB5064.)

**Performance UL**

☐ Supplemental Face Amount (SFA) (Check only one, if desired.)              ☐ Other _____
  ☐ Level SFA of $ _____      for life of the policy
  ☐ Initial SFA of $ _____    with Total Sum Insured increasing
    by:  ___ % or $ _____     per year for ___ policy years (level thereafter)
  ☐ Customize Level or Increasing Schedule
    (List by policy year. SFA decreases cannot be scheduled at issue. Please complete form NB5064.)

**UNIVERSAL LIFE - SURVIVORSHIP LIFE**

5.  a) Life Insurance Qualification Test  ☐ Guideline Premium        ☐ Cash Value Accumulation
    Note:  Elected test cannot be changed after the policy is issued. You may request an illustration on both tests before making your election.

    b) Death Benefit Option   ☐ Option 1 (Face Amount)        ☐ Option 2 (Face Amount plus Policy Value)

    c) Additional Benefits
       ☐ Disability Payment of Specified Premium          ☐ Policy Split Option
         (Not available with Performance SUL)
                                                          ☐ Return of Premium Death Benefit (with DB Option 1 only)
         ☐ Life One - Amount $ _____                   Increase Rate ☐ Yes ___ % ☐ No
         ☐ Life Two - Amount $ _____                   Percentage of Premiums to be returned at death
       ☐ Four Year Term (EPR)                               (Whole numbers only. Maximum 100%) ___ %

    Loan Interest Rate  ☒ Variable

**Protection SUL-G**

Policy Protection Rider (Check only one)   ☐ Policy Protection Rider        ☐ Policy Protection Rider - Enhanced
                                            ☐ Other _____

**Performance SUL**

☐ Supplemental Face Amount (SFA) (Check only one, if desired.)              ☐ Cash Value Enhancement (CVE)
  ☐ Level SFA of $ _____      for life of the policy                     ☐ Other _____
  ☐ Initial SFA of $ _____    with Total Sum Insured increasing
    by:  ___ % or $ _____     per year for ___ policy years (level thereafter)
  ☐ Customize Level or Increasing Schedule
    (List by policy year. SFA decreases cannot be scheduled at issue. Please complete form NB5064.)

**Additional Information**

6.  a) If an additional or optional policy is being applied for in a separate application, state plan and amount.
       Plan name _____        $ _____

    b) Do you understand that you may need to pay premiums in addition to Planned Premium if the current policy charges or
       actual interest credited are different from the assumptions used in your illustration (assuming the requirements of any
       applicable guaranteed death benefit feature have not been satisfied?                              ☐ Yes  ☐ No

1/6

**John Hancock**

**Medical Exam**
- ☑ John Hancock Life Insurance Company (U.S.A.)
- ☐ John Hancock Variable Life Insurance Company
- ☐ John Hancock Life Insurance Company
  (hereinafter referred to as The Company)
- This form is part of the application for life insurance for the Proposed Life Insured
- Notice of Disclosure of Information form NB5014 must be used with this Medical Exam if it is being submitted on its own without the main application.
- Print and use black ink. Any changes must be initialed by the Proposed Life Insured.

Service Office:
200 BLOOR STREET EAST
TORONTO, ONTARIO
CANADA M4W 1E5

Policy No. (for internal Use Only)

**Proposed Life Insured**

1. a) Name — First: Mary  Middle: Baumann  Last: Greer
   b) Date of Birth: Redacted
   c) Social Security/Tax ID Number: Redacted
   d) Gender: ☐ Male ☑ Female

**Smoking Status**

2. Have you ever used tobacco or nicotine products in any form (including cigarettes, cigars, cigarillos, a pipe, chewing tobacco, nicotine patches or gum)?
   ☑ Yes ☐ No   If Yes, please provide the following details

| Product | Frequency | Current | Past | Date last used |
|---|---|---|---|---|
| Cigarettes | 40 pack/day | ☐ | ☑ | 1960 |
| Cigars | x / day | ☐ | ☐ | |
| Other | x / day | ☐ | ☐ | |

**Family Questions**

3. Have any of your immediate family members (parents, brothers and sisters) prior to age 65, died of or been diagnosed as having coronary artery disease, stroke or kidney disease? ☐ Yes ☑ No

4. Please provide the following details

| Family History | Age | Give Details of Present State of Health | Family History | Age | Cause of Death |
|---|---|---|---|---|---|
| LIVING Father | | | DECEASED Father | | Redacted |
| Mother | | | Mother | | |
| Brothers and Sisters | | | Brothers and Sisters | | |

5. a) Name and Address of Personal or Attending Doctor — First: Forrest  Last: Neirman
   TSAMC  San Antonio  TX
   b) Telephone No. 1-UNK
   c) Date last consulted — from: June  to: 07  Reason for consultation: checkup   Diagnosis/Result of visit:
   d) List any medications (prescription or nonprescription) you are taking currently: ≈ attached page II

**Health Questions - Please complete Details on page 2 for Yes answers.**

6. As far as you know, within the last 10 years have you had or been told by a doctor that you had:
   a) Chest pain, shortness of breath, heart murmur, high blood pressure, stroke, irregular heart beat, or any other disease or disorder of the heart or arteries? ☐ Yes ☐ No
   b) Diabetes, elevated blood sugar or glucose intolerance or disease of any glands? ☐ Yes ☐ No
   c) Mental or emotional disorder, nervous breakdown, convulsions, epilepsy, paralysis or any other disorder of the brain or nervous system? ☐ Yes ☐ No
   d) Arthritis, gout, or any bone, joint, muscle or skin disorder? ☐ Yes ☐ No
   e) Asthma, bronchitis, pneumonia, emphysema or any lung disorder? ☐ Yes ☐ No

NB5033US (04/2005)

CLIENT: MARY GREER                                                    2/6

**Health Questions (continued) · Please complete Details below for Yes answers.**

6. As far as you know, within the last 10 years have you had or been told by a doctor that you had:

f) Cirrhosis, hepatitis, ulcer, colitis, diverticulitis, colitis, or other disease of the liver, gall bladder, pancreas, stomach or intestines?  ☐ Yes ☒ No

g) Prostate or testicular disease, disease of the uterus, cervix, ovaries or breasts?  ☐ Yes ☒ No

h) Anemia, leukemia, clotting disorders, platelet disorders, infections, or sources of blood loss?  ☐ Yes ☒ No

i) Disorder of the urinary tract or kidneys, sugar, albumin or blood in the urine?  ☐ Yes ☒ No

j) Cancer or tumors?  ☐ Yes ☒ No

k) An operation or admission to a hospital or any other health care facility, for observation, treatment of any illness or diagnostic tests, including treadmill stress test for insurance?  ☒ Yes ☐ No

l) Any other health impairment or medically treated condition?  ☒ Yes ☐ No

7. Within the last 10 years have you:

a) used amphetamines, barbiturates, cannabis (marijuana), cocaine, hallucinogens, opiates or any prescription drug except in accordance with physician's instructions?  ☐ Yes ☒ No

b) been advised to limit or discontinue the use of alcohol or drugs, sought or received treatment, counseling or participated in a group for alcohol or drug use?  ☐ Yes ☒ No

8. Do you currently

a) use alcoholic beverages?  ☒ Yes ☐ No
   If Yes, describe beverages, Beverage BEER   Frequency 4 x   Quantity YEAR   frequency and quantity
   If No, have you ever used alcoholic beverages?  ☐ Yes ☐ No
   If Yes, please provide   date and reason stopped

b) have any symptoms or medical concerns which you have not consulted a doctor or any consultation, testing or investigation recommended by a doctor which has not yet been completed?  ☐ Yes ☒ No

9. Within the last 10 years have you been diagnosed by a doctor as having Acquired Immune Deficiency Syndrome (AIDS)?  ☐ Yes ☒ No

**Details for Yes answers to Health Questions · If more space is required, use the Medical Questions Continuation Sheet, NB5034US.**

| Question No. | Date mm | Date dd | Date yyyy | Reason and treatment given | Duration of Condition | Name, Address and Telephone Number of Attending Doctor and Hospital |
|---|---|---|---|---|---|---|
| 1 | | | | ATTACHED | | PAGE |
| 6 K | | | | partial hyster... 1988, for ...ge disease; ① cataract ...ved 2005 |
| 6 l | | | | Rysenburson, glaucoma | | |

I, the Proposed Life Insured, authorize:

1. John Hancock Life Insurance Company (U.S.A.), John Hancock Variable Life Insurance Company or John Hancock Life Insurance Company (The Company), to obtain an investigative consumer report on me.

2. Any physician, medical care provider, hospital, clinic, laboratory, insurance company, the Medical Information Bureau (MIB Inc.), or any other similar person or organization to give The Company and its reinsurers information about me or any minor child who is to be insured.

The information collected by The Company may relate to the symptoms, examination, diagnosis, treatment or prognosis of any physical or mental condition. In turn, The Company is free to disclose such information and any information developed during its evaluation of my application to: (a) its reinsurers; b) the MIB Inc.; (c) other insurance companies as designated by me; (d) me; (e) any physician designated by me; or (f) any person or entity entitled to receive such information by law or as I may further consent.

I acknowledge receipt of the Notice of Disclosure of Information relating to the underwriting process, investigative consumer reports and the MIB Inc. This authorization will be valid for two years from the date shown. A photocopy of this authorization will be as valid as the original. Information collected under this authorization will be used by The Company to evaluate my application for insurance, to evaluate a claim for benefits, or for reinsurance or other insurance purposes.

I am entitled, or my authorized representative is entitled, to a copy of this authorization.

**Signatures**

I have read the statements and answers in this form and they are complete and true to the best of my knowledge and belief. I hereby agree that they shall form part of the application for life insurance for which this medical information was required by The Company.

Signed at: City SAN ANTONIO TX   State   This 24   Day 08   Year 2007

Consent by Juvenile Insured of Parent or Guardian, if other than Owner: N/A
☐ Father  ☐ Mother  ☐ Guardian

Signature of Proposed Life Insured (Parent or Guardian, if under age 15): Mary J. Greer

I certify that I have truly and accurately recorded on this form the information supplied by the Proposed Life Insured.
Signature of Examiner: X

Name of Agent: ZACH DEXENBERY                          Agent's Code: ZHK

NB5033US (04/2006)

APPS PARA MEDICAL
8632 Fredericksburg Ste. 101
San Antonio, TX 78240



**8632 FREDERICKSBURG RD. #101
SAN ANTONIO, TX. 78240**

(O) 210.697.0099          (F) 210.697.0930
(TOLL FREE) 866.891.APPS (2777)

# MEDICAL HISTORY CONTINUATION SHEET

INSURANCE COMPANY: _____

PROPOSED INSURED: _____G̲R̲E̲E̲R̲,̲_____ _M̲a̲r̲y̲_____ B
MEDS'.          CAN IS LAST          1ST   MI AGE          M.I.

| | | |
|---|---|---|
| TIMOPTIC | GLAUCOMA | 1979 |
| COSOPT | GLAUCOMA | 1979 |
| PATANOL | EYE IRRITATION | 7004 |
| PLENDIL | HBP | 1985 |
| ZESTORETIC | HBP | 1985 |
| SPIRONOLATONE | HBP | 1985 |
| ZOCOR | CHOLESTEROL | 7007 |
| CELLUVISC | GLAUCOMA | 1979 |
| FLONASE · | ALLERGIES | SINCE CHILDHOOD |
| CHLORPHENIRAMINE | ALLERGIES | 1985 |

_____
PROPOSED INSURED SIGNATURE

_____8-24-07_____
DATE

_____
EXAMINER SIGNATURE

_____10:00_____ (A̶M̶)  PM]
TIME

*John Hancock.*

Service Office:
200 BLOOR STREET EAST
TORONTO, ONTARIO
CANADA M4W 1E5

Policy No. (for Internal Use Only)

**Financial Underwriting Supplement**
☐ John Hancock Life Insurance Company (U.S.A.)
☐ John Hancock Variable Life Insurance Company
☐ John Hancock Life Insurance Company
(hereinafter referred to as The Company)
• This form must be completed and submitted with all formal applications if the Proposed Life Insured(s) is age 70 or older.
• Print and use black ink.

A1-2MR418

2008 FEB 12 PM 3:12   MANULIFE USI-IN

---

**Owner**

1. Name of Owner    William Greer

| Proposed Life Insured (Life One) | Proposed Life Insured (Life Two) |
|---|---|
| 2. Name First  Mary   Middle   Last  Greer | Name First   Middle   Last |

3. Is there, or will there be, an understanding or agreement providing for a party, other than the Owner to obtain any right, title or other legal or beneficial interest in any policy issued on the life of the Proposed Life Insured(s) as a result of this application?
☒ No   ☐ Yes - give details

4. a) What is the planned source of the funding for the policy(ies) currently applied for?   Current Assets / gifts

b) Will the Owner, now or in the future, be paying premiums funded by an individual and/or an entity other than the Proposed Life Insured(s), or the Proposed Life Insured's employer?   ☐ Yes ☒ No   If Yes, answer question 5.  If No, proceed to question 6.

5. Will the premiums be financed through a loan?   ☒ No  ☐ Yes
If No, describe the funding arrangement.
If Yes, answer the following questions.
a) What is the interest rate per annum?   ____ %

b) In addition to repayment of principal and interest, are there other fees, charges or other consideration to be paid on maturity?
☐ No   ☐ Yes - give details

c) What is the duration of the loan? ____   d) Who is the lender? ____

e) What amount and type of collateral   Amount $____   Type of Collateral ____
is required to secure the loan?

6. Will any policy issued on the life of the Proposed Life Insured(s) as a result of this application replace a policy which has been viaticated or settled?
☒ No   ☐ Yes - give details

7. Will any entity other than a life insurance company be medically evaluating the Proposed Life Insured to determine life expectancy or to otherwise obtain financing?
☒ No   ☐ Yes - give details

**Signature**

| Signed at   City  Houston | State  T.X | This  01 | Day of  30 | Year  2008 |

Signature of Agent/Registered Representative
x   John Ache

N05077US (09/2008)   (NF)

# EXHIBIT "C"

Copy of
BANK OF AMERICA STATEMENT

**Bank of America**

P.O. Box 15284
Wilmington, DE 19850

MARY B GREER
OR MARILYN J GREER
OR WILLIAM J GREER
10903 WILD GRAPE DR
SAN ANTONIO TX  78230

Platinum Privileges

Customer service information

Customer service: 1.800.432.1000

TDD/TTY users only: 1.800.288.4408

En Español: 1.800.688.6086

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

## Your Platinum Privileges Adv Tiered Interest Chkg

for July 10, 2013 to August 8, 2013                                      Account number        6452

Please be sure to review the Important changes to your account explained in the notice enclosed with this statement.      We're
available to discuss any questions you may have by calling us at the toll-free number on your statement or visiting a nearby
banking center.

## Account summary

| | |
|---|---|
| Beginning balance on July 10, 2013 | $62,173.86 |
| Deposits and other additions | 5,964.64 |
| ATM and debit card subtractions | -0.00 |
| Other subtractions | -454.50 |
| Checks | -22,067.55 |
| Service fees | -0.00 |
| Ending balance on August 8, 2013 | $45,616.45 |

## Find great cash back deals all around you.



Online or on your mobile device, BankAmeriDeals® makes it easy to
get cash back at stores, restaurants, online merchants and services.
Just choose the cash back deals, pay with your eligible debit or credit
card and the cash back gets put into your Bank of America® account.

To get started, visit www.bankofamerica.com/deals or tap the
"Deals" icon in Mobile Banking.



Scan this QR code
with your smartphone
and start picking
your deals now.

Bank of America, N.A. Member FDIC

PULL: B  CYCLE: 4  SPEC: 0  DELIVERY: P  TYPE:  IMAGE: I  BC: TX

MARY B GREER | Account # 6452 | July 10, 2013 to August 8, 2013

## IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

Change of address – Please call us at the telephone number listed on the front of this statement to tell us about a change of address.

Deposit agreement – When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our banking centers.

Electronic transfers: In case of errors or questions about your electronic transfers – If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

Tell us your name and account number.

Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information. 

Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems – You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you for, and you agree to not make a claim against us for the problems or unauthorized transactions.

Direct deposits – If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us at the telephone number listed on the front of this statement to find out if the deposit was made as scheduled.

© 2013 Bank of America Corporation

Bank of America, N.A. Member FDIC and    Equal Housing Lender

**Bank of America** 🇺🇸

MARY B GREER  |  Account # ▓▓▓▓ 6452  |  July 10, 2013 to August 8, 2013

Your checking account

## Account summary - continued

*Annual Percentage Yield Earned this statement period: 0.02%.*

*Interest Paid Year To Date: $15.48.*

## Deposits and other additions

| Date | Description | Amount |
|------|-------------|--------|
| 08/01/13 | Texas Comptrollr Des:Trsannuity Id:24643857147000 | 2,394.74 |
| 08/01/13 | Us Treasury 310 Des:Xxva Benef Id:Xxxxxxxxx 10 35 | 1,215.00 |
| 08/01/13 | Dfas-Cleveland Des:Af Ann Pay Id:Xxxxxxxxx | 1,077.85 |
| 08/01/13 | Texas Comptrollr Des:Trsannuity Id:24643857147000 | 222.13 |
| 08/01/13 | Dfas-Cleveland Des:Af Ann Pay Id:Xxxxxxxxx | 90.00 |
| 08/02/13 | Ssa Treas 310 Des:Xxsoc Sec Id:Xxxxxxxxxa Ssa | 964.00 |
| 08/08/13 | Interest Earned | 0.92 |
| Total deposits and other additions | | $5,964.64 |

## Withdrawals and other subtractions

### Other subtractions

| Date | Description | Amount |
|------|-------------|--------|
| 07/25/13 | 94004 MEGA    DES:PAYMENT    ID:9053739527 | -444.50 |
| 07/26/13 | NASE    DES:NASE Dues  ID:43018 | -10.00 |
| Total other subtractions | | -$454.50 |

# Paperless statements. Very smart.

Switching to paperless documents helps make secure record keeping easier. You can find, view, download and print any time—all in one place. You get email notifications when your statements are ready. Plus, it can help reduce the risk of mail fraud and identity theft.

To go paperless, enroll in Online Banking at www.bankofamerica.com/onlinebanking, find the green leaf icon on your account documents and click "go paperless."

MARY B GREER   |   Account #⬛⬛⬛⬛6452   |   July 10, 2013 to August 8, 2013

## Checks

| Date | Check # | Amount | Date | Check # | Amount |
|------|---------|--------|------|---------|--------|
| 07/11/13 | 7386 | -17.00 | 07/22/13 | 7396 | -75.00 |
| 08/08/13 | 7391* | -504.00 | 07/30/13 | 7397 | -20,069.89 |
| 07/18/13 | 7394* | -600.00 | 08/02/13 | 7398 | -400.72 |
| 07/12/13 | 7395 | -400.94 | | | |
| | | | Total checks | | -$22,067.55 |
| | | | Total # of checks | | 7 |

* There is a gap In sequential check numbers

**EXHIBIT "D"**

Copy of
CERTIFICATE OF DEATH

**EXHIBIT "E"**

Copy of
FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY
dated February 28, 2008

# JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)
A STOCK COMPANY

*Life Insured*        **MARY GREER**

*Policy Number*       *93 902 849*

*Plan Name*           **Protection UL-G**

## FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY

ADJUSTABLE DEATH BENEFIT.

BENEFIT PAYABLE ON LIFE INSURED'S DEATH.

FLEXIBLE PREMIUMS PAYABLE TO ATTAINED AGE 121 DURING THE LIFE INSURED'S LIFETIME.

NON-PARTICIPATING (NOT ELIGIBLE FOR DIVIDENDS).

In this policy "you" and "your" refer to the owner of the policy. "We", "us" and "our" refer to John Hancock Life Insurance Company (U.S.A.).

If the life insured dies while the policy is in force, we will pay the Insurance Benefit to the beneficiary, subject to the provisions of the policy. The life insured and the beneficiary are named in the Policy Specifications section of this policy. The Insurance Benefit is described in the Insurance Benefit provision. If the Company makes other plans of payment available other than a lump sum, then a beneficiary may request written election of any such other plans in lieu of a lump sum.

*READ YOUR POLICY CAREFULLY. It is a legal contract between you and us.*

*RIGHT TO RETURN POLICY. If for any reason you are not satisfied with your policy, you may return it for cancellation by delivering or mailing it to us or to the agent who sold it. If this policy does not replace another policy, you may return it within TEN days after receiving it, or if it replaces another policy, you may return it within THIRTY days after receiving it. We will refund in full the payment made. The policy will be void from the beginning.*

President            Secretary            John Hancock

## Table of Contents

SECTION                                                                         PAGE

1  Policy Specifications ........................................................3
2  Table of Guaranteed Maximum Cost of Insurance Rates .........................4
3  Definitions .................................................................5
4  Insurance Benefit ...........................................................6
5  Interest On Proceeds ........................................................7
6  Payment of Premiums .........................................................7
7  Grace Period ................................................................8
8  Policy Termination ..........................................................8
9  Reinstatement ...............................................................9
10 Policy Continuation At Attained Age 121 .....................................9
11 Policy Value ...............................................................10
12 Policy Value Composition ...................................................11
13 Policy Loan Conditions .....................................................12
14 Surrender and Withdrawals ..................................................13
15 Changing the Death Benefit Option or Decreasing the Face Amount ............14
16 Owner and Beneficiary ......................................................16
17 Assignment .................................................................17
18 Misstatements of Age and Sex ...............................................17
19 Suicide Exclusion ..........................................................17
20 Incontestability ...........................................................17
21 The Contract ...............................................................17
22 Right To Postpone Payment Of Benefits ......................................18
23 Claims of Creditors ........................................................18
24 Currency and Place of Payment ..............................................18
25 Annual Statement ...........................................................18
26 Projection Report ..........................................................18
27 Tax Considerations .........................................................19
28 How Values are Computed ....................................................19

A copy of the application, any supplementary benefits, and any endorsements follow page 19.

2

ULG7R

F11-2NTV55

## I. POLICY SPECIFICATIONS

| | | |
|---|---|---|
| LIFE INSURED | MARY GREER | AGE AT POLICY DATE 81 |
| POLICY NUMBER | 93 902 849 | POLICY DATE AUG 2, 2007 |
| | | ISSUE DATE FEB 22, 2008 |
| OWNER | WILLIAM GREER | |
| BENEFICIARY | AS DESIGNATED IN THE APPLICATION OR SUBSEQUENTLY CHANGED | |
| PREMIUM MODE | ANNUALLY | |

BEGINNING ON
MON DAY YEAR          PLANNED PREMIUM
AUG 2, 2007          1. $20,069.89 FOR 24 YEARS          2. $0.00 THEREAFTER


GOVERNING LAW          TEXAS

This policy provides life insurance coverage for the lifetime of the life insured if sufficient premiums are paid. Premium payments in addition to the planned premium shown may need to be made to keep this policy and coverage in force.

Keeping the policy and coverage in force will be affected by factors such as: changes in the current cost of insurance rates; the amount, timing and frequency of premium payments; the interest rate being credited to the guaranteed interest account; changes to the death benefit option; decreases in the face amount; loan activity; and partial withdrawals. Also refer to the Grace Period and Policy Termination provisions under sections 7 and 8 of your policy.

This policy will not go into default if all planned premiums shown above are paid when they are due, and you do not take any policy loans or withdrawals. For purposes of the preceding statement we have assumed maximum mortality, maximum expenses, minimum interest and that you do not terminate any supplementary benefit riders issued with your policy.

Plan details, risk classification and additional rating are shown on the next page.

3.0A

U030A06B

ULG07 I

## 1. POLICY SPECIFICATIONS (CONTINUED) – POLICY 93 902 849

| | |
|---|---|
| LIFE INSURED | MARY GREER |
| POLICY NUMBER | 93 902 849 |
| PLAN | FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE |
| | POLICY PROTECTION RIDER |
| FACE AMOUNT | $350,000.00 |
| DEATH BENEFIT | OPTION 1 |
| SEX | FEMALE |
| RISK CLASSIFICATION | STANDARD NON SMOKER |
| ADDITIONAL RATING | NOT APPLICABLE |

3.0B

U030B06

ULG07 1

## 1. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### MAXIMUM EXPENSE CHARGES

#### MAXIMUM DEDUCTIONS FROM PREMIUM PAYMENTS

PREMIUM CHARGE:            A PERCENTAGE OF EACH PREMIUM PAYMENT, THE PERCENTAGES AS SHOWN BELOW

| POLICY YEARS | PERCENTAGES |
|---|---|
| 1 | 4% OF PREMIUMS PAID |
| 2 AND AFTER | 3% |

#### MAXIMUM MONTHLY DEDUCTIONS FROM GUARANTEED INTEREST ACCOUNT

ADMINISTRATIVE CHARGE:     $ 10.00.

CONTRACT CHARGE:     $0.0067 PER $1,000 OF FACE AMOUNT OF THE BASIC POLICY.

COVERAGE EXPENSE CHARGE:     $0.3100 PER $1,000 OF FACE AMOUNT OF THE BASIC POLICY.

COST OF INSURANCE CHARGE:     DETERMINED IN ACCORDANCE WITH SECTION 11. MAXIMUM MONTHLY RATES PER $1,000 ARE SHOWN IN SECTION 2.

#### OTHER MAXIMUM CHARGES

SURRENDER CHARGE:     SEE PAGE 3.1B FOR MAXIMUM SURRENDER CHARGES.

WITHDRAWAL CHARGE:     $25.00 PER WITHDRAWAL. (SEE SECTION 14).

SUPPLEMENTARY BENEFIT CHARGE:     WHERE APPLICABLE, AS DESCRIBED IN THE SUPPLEMENTARY BENEFIT PAGE ATTACHED TO THIS POLICY.

U031A06

UL.G07 1

## 1. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### MAXIMUM EXPENSE CHARGES

SURRENDER CHARGE:

A SURRENDER CHARGE WILL BE DEDUCTED FROM THE GUARANTEED INTEREST ACCOUNT UNDER CERTAIN CONDITIONS AND WILL REDUCE OVER TIME ACCORDING TO THE GRADING PERCENTAGES SHOWN IN THE TABLE BELOW. SEE SECTIONS 11, 14 AND 15 FOR DETAILS.

THE SURRENDER CHARGE IS DETERMINED AS FOLLOWS:

FOR THE INITIAL FACE AMOUNT

(I)   $21,000.00; MINUS

(II)  26% OF THE SUM OF PREMIUMS PAID IN THE FIRST POLICY YEAR UP TO AN AMOUNT NOT GREATER THAN $20,188.62.

THE INITIAL AMOUNT OF SURRENDER CHARGE WILL REDUCE GRADUALLY OVER THE SURRENDER CHARGE PERIOD UNTIL IT BECOMES ZERO. THE TABLE BELOW SHOWS THE APPLICABLE GRADING PERCENTAGE AT THE BEGINNING OF EACH POLICY YEAR DURING THE SURRENDER CHARGE PERIOD (PROPORTIONATE GRADING PERCENTAGES APPLY FOR OTHER POLICY MONTHS). THE AMOUNT TO WHICH THE SURRENDER CHARGE IS REDUCED AT ANY TIME IS DETERMINED BY MULTIPLYING THE INITIAL AMOUNT OF SURRENDER CHARGE BY THE PERCENTAGE THAT IS APPLICABLE AT THAT INTERVAL DURING THE SURRENDER CHARGE PERIOD.

| SURRENDER CHARGE PERIOD | AGE 0-90 |
|---|---|
| 1 | 100.00% |
| 2 | 94.44% |
| 3 | 88.89% |
| 4 | 83.33% |
| 5 | 77.78% |
| 6 | 72.22% |
| 7 | 66.67% |
| 8 | 61.11% |
| 9 | 55.56% |
| 10 | 50.00% |
| 11 | 44.44% |
| 12 | 38.89% |
| 13 | 33.33% |
| 14 | 27.78% |
| 15 | 22.22% |
| 16 | 16.67% |
| 17 | 11.11% |
| 18 | 5.56% |
| 19 | 0.00% |

3.1B

U031B06

ULG07 1

## 1. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### TABLE OF VALUES

**Refer to your policy provisions for details on the terms and values shown in this table.**

| | |
|---|---|
| MINIMUM FACE AMOUNT | $100,000 |
| MINIMUM FACE AMOUNT DECREASE | $10,000 |
| LIFE INSURANCE QUALIFICATION TEST | CASH VALUE ACCUMULATION TEST |
| MINIMUM INITIAL PREMIUM | $1,487.63 |
| MAXIMUM ANNUAL PREMIUM | $1,000,000 |
| GUARANTEED INTEREST ACCOUNT RATE | 3.00% |
| LOAN INTEREST CHARGED RATE BASIS | VARIABLE |
| MAXIMUM LOAN DIFFERENTIAL | 2.00% |
| MINIMUM WITHDRAWAL AMOUNT | $1,000 |
| DEATH BENEFIT DISCOUNT FACTOR | 1.0024663 |

U03206TX

## I. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### TABLE OF MINIMUM DEATH BENEFIT FACTORS

| LIFE INSURED'S ATTAINED AGE | MINIMUM DEATH BENEFIT FACTORS | LIFE INSURED'S ATTAINED AGE | MINIMUM DEATH BENEFIT FACTORS | LIFE INSURED'S ATTAINED AGE | MINIMUM DEATH BENEFIT FACTORS | LIFE INSURED'S ATTAINED AGE | MINIMUM DEATH BENEFIT FACTORS |
|---|---|---|---|---|---|---|---|
| 81 | 1.4087 | 112 | 1.0000 | | | | |
| 82 | 1.3807 | 113 | 1.0000 | | | | |
| 83 | 1.3545 | 114 | 1.0000 | | | | |
| 84 | 1.3297 | 115 | 1.0000 | | | | |
| 85 | 1.3063 | 116 | 1.0000 | | | | |
| 86 | 1.2842 | 117 | 1.0000 | | | | |
| 87 | 1.2628 | 118 | 1.0000 | | | | |
| 88 | 1.2431 | 119 | 1.0000 | | | | |
| 89 | 1.2247 | 120 | 1.0000 | | | | |
| 90 | 1.2076 | 121 | 1.0000 | | | | |
| 91 | 1.1910 | | | | | | |
| 92 | 1.1733 | | | | | | |
| 93 | 1.1552 | | | | | | |
| 94 | 1.1374 | | | | | | |
| 95 | 1.1197 | | | | | | |
| 96 | 1.1022 | | | | | | |
| 97 | 1.0836 | | | | | | |
| 98 | 1.0623 | | | | | | |
| 99 | 1.0350 | | | | | | |
| 100 | 1.0000 | | | | | | |
| 101 | 1.0000 | | | | | | |
| 102 | 1.0000 | | | | | | |
| 103 | 1.0000 | | | | | | |
| 104 | 1.0000 | | | | | | |
| 105 | 1.0000 | | | | | | |
| 106 | 1.0000 | | | | | | |
| 107 | 1.0000 | | | | | | |
| 108 | 1.0000 | | | | | | |
| 109 | 1.0000 | | | | | | |
| 110 | 1.0000 | | | | | | |
| 111 | 1.0000 | | | | | | |

For Attained Age 122 and above the Minimum Death Benefit Factor is 1.0000.

Page 3.2A

06BPPR

## I. POLICY SPECIFICATIONS (CONTINUED) - Policy 93 902 849

### SUPPLEMENTARY BENEFITS

| | |
|---|---|
| BENEFIT | POLICY PROTECTION RIDER |
| LIFE INSURED DETAILS | LIFE INSURED'S NAME, AGE, SEX AND RISK CLASSIFICATION ARE SHOWN IN THE POLICY SPECIFICATIONS SECTION FOR THE POLICY. |
| BENEFIT PERIOD | UP TO THE LIFE INSURED'S ATTAINED AGE 121 |
| BENEFIT COST | NOT APPLICABLE |

THE FOLLOWING ITEMS ARE USED IN DETERMINING THE POLICY PROTECTION VALUE AS DESCRIBED IN THIS BENEFIT:

| | | |
|---|---|---|
| POLICY PROTECTION BENEFIT COST | NOT APPLICABLE | |
| POLICY PROTECTION PREMIUM CHARGE | POLICY YEAR 1: | 4% OF PREMIUMS PAID |
| | POLICY YEARS 2-6: | 3% OF PREMIUMS PAID |
| | POLICY YEARS 7 AND AFTER: | 2% OF PREMIUMS PAID |
| | WHEN TABLE 2 POLICY PROTECTION VALUE RATES ARE IN EFFECT, FOR POLICY YEARS 7 AND AFTER, THE POLICY PROTECTION PREMIUM CHARGE IS 3% OF PREMIUM PAID. | |
| POLICY PROTECTION ADMINISTRATIVE CHARGE | $10.00 | |
| POLICY PROTECTION CONTRACT CHARGE | $0.0067 PER $1000 OF FACE AMOUNT | |
| POLICY PROTECTION VALUE INTEREST RATES | THE POLICY PROTECTION VALUE WILL BE CREDITED WITH THE PERCENTAGE RATES AS SHOWN IN THE TABLE OF POLICY PROTECTION VALUE INTEREST RATES IN SECTION I. | |
| POLICY PROTECTION VALUE RATES | RATES ARE DETERMINED FROM THE POLICY PROTECTION VALUE RATES TABLE 1 OR TABLE 2 AS SHOWN IN SECTION I AND AS DESCRIBED UNDER THE POLICY PROTECTION VALUE PROVISION. | |

06BPPR

**J. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849**

POLICY PROTECTION VALUE RATES

TABLE I

The Policy Protection Value Rates are the cost of insurance rates for the Policy Protection Value calculation. The rate per dollar equals the rate shown below divided by 1000. The cost of insurance rates will be increased for any Additional Rating shown for the basic policy in Section I. The Policy Protection Value rates are not used in calculating the actual policy value, cash surrender value, or death benefit provided under the policy. The Cost of Insurance calculation is defined in the Policy Value provision of the basic policy.

| POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE |
|---|---|---|---|---|---|---|---|
| | $ | | $ | | $ | | $ |
| 1 | 4.055000 | 32 | 1.355825 | | | | |
| 2 | 4.140688 | 33 | 1.205178 | | | | |
| 3 | 4.451578 | 34 | 1.054530 | | | | |
| 4 | 4.644022 | 35 | 0.903882 | | | | |
| 5 | 4.896977 | 36 | 0.753236 | | | | |
| 6 | 5.161304 | 37 | 0.602588 | | | | |
| 7 | 5.434795 | 38 | 0.451941 | | | | |
| 8 | 4.661665 | 39 | 0.301294 | | | | |
| 9 | 4.812566 | 40 | 0.150647 | | | | |
| 10 | 4.882427 | | | | | | |
| 11 | 5.089621 | | | | | | |
| 12 | 5.391466 | | | | | | |
| 13 | 5.545417 | | | | | | |
| 14 | 5.740619 | | | | | | |
| 15 | 3.916836 | | | | | | |
| 16 | 3.766188 | | | | | | |
| 17 | 3.615541 | | | | | | |
| 18 | 3.464893 | | | | | | |
| 19 | 3.314245 | | | | | | |
| 20 | 3.163598 | | | | | | |
| 21 | 3.012950 | | | | | | |
| 22 | 2.862302 | | | | | | |
| 23 | 2.711655 | | | | | | |
| 24 | 2.561007 | | | | | | |
| 25 | 2.410359 | | | | | | |
| 26 | 2.259712 | | | | | | |
| 27 | 2.109064 | | | | | | |
| 28 | 1.958416 | | | | | | |
| 29 | 1.807769 | | | | | | |
| 30 | 1.657121 | | | | | | |
| 31 | 1.506473 | | | | | | |

3.3A-06B

06BPPR

## 1. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### POLICY PROTECTION VALUE RATES

#### TABLE 2

The Policy Protection Value Rates are the cost of insurance rates for the Policy Protection Value calculation. The rate per dollar equals the rate shown below divided by 1000. The cost of insurance rates will be increased for any Additional Rating shown for the basic policy in Section 1. The Policy Protection Value rates are not used in calculating the actual policy value, cash surrender value, or death benefit provided under the policy. The Cost of Insurance calculation is defined in the Policy Value provision of the basic policy.

| POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE | POLICY YEAR | MONTHLY RATE |
|---|---|---|---|---|---|---|---|
| | $ | | $ | | $ | | $ |
| 1 | 4.055000 | 32 | 83.333300 | | | | |
| 2 | 4.563600 | 33 | 83.333300 | | | | |
| 3 | 5.073300 | 34 | 83.333300 | | | | |
| 4 | 5.640000 | 35 | 83.333300 | | | | |
| 5 | 6.282600 | 36 | 83.333300 | | | | |
| 6 | 6.869500 | 37 | 83.333300 | | | | |
| 7 | 7.760300 | 38 | 83.333300 | | | | |
| 8 | 8.700300 | 39 | 83.333300 | | | | |
| 9 | 9.713300 | 40 | 83.333300 | | | | |
| 10 | 10.657100 | | | | | | |
| 11 | 11.138400 | | | | | | |
| 12 | 12.092700 | | | | | | |
| 13 | 13.527400 | | | | | | |
| 14 | 15.371900 | | | | | | |
| 15 | 17.702400 | | | | | | |
| 16 | 19.973600 | | | | | | |
| 17 | 22.373600 | | | | | | |
| 18 | 22.791500 | | | | | | |
| 19 | 24.204100 | | | | | | |
| 20 | 26.494200 | | | | | | |
| 21 | 29.002800 | | | | | | |
| 22 | 31.887800 | | | | | | |
| 23 | 35.143200 | | | | | | |
| 24 | 38.872600 | | | | | | |
| 25 | 43.092400 | | | | | | |
| 26 | 47.641400 | | | | | | |
| 27 | 52.563500 | | | | | | |
| 28 | 57.816000 | | | | | | |
| 29 | 63.652000 | | | | | | |
| 30 | 70.065900 | | | | | | |
| 31 | 76.725600 | | | | | | |

06DPPR

## 1. POLICY SPECIFICATIONS (CONTINUED) - POLICY 93 902 849

### TABLE OF POLICY PROTECTION VALUE INTEREST RATES

| POLICY YEAR | PERCENT | POLICY YEAR | PERCENT | POLICY YEAR | PERCENT | POLICY YEAR | PERCENT |
|---|---|---|---|---|---|---|---|
| 1 | 2.80 | 32 | 1.80 | | | | |
| 2 | 2.80 | 33 | 1.80 | | | | |
| 3 | 2.80 | 34 | 1.80 | | | | |
| 4 | 2.80 | 35 | 1.80 | | | | |
| 5 | 2.80 | 36 | 1.80 | | | | |
| 6 | 2.60 | 37 | 1.80 | | | | |
| 7 | 2.40 | 38 | 1.80 | | | | |
| 8 | 2.20 | 39 | 1.80 | | | | |
| 9 | 2.00 | 40 | 1.80 | | | | |
| 10 | 1.80 | | | | | | |
| 11 | 1.80 | | | | | | |
| 12 | 1.80 | | | | | | |
| 13 | 1.80 | | | | | | |
| 14 | 1.80 | | | | | | |
| 15 | 1.80 | | | | | | |
| 16 | 1.80 | | | | | | |
| 17 | 1.80 | | | | | | |
| 18 | 1.80 | | | | | | |
| 19 | 1.80 | | | | | | |
| 20 | 1.80 | | | | | | |
| 21 | 1.80 | | | | | | |
| 22 | 1.80 | | | | | | |
| 23 | 1.80 | | | | | | |
| 24 | 1.80 | | | | | | |
| 25 | 1.80 | | | | | | |
| 26 | 1.80 | | | | | | |
| 27 | 1.80 | | | | | | |
| 28 | 1.80 | | | | | | |
| 29 | 1.80 | | | | | | |
| 30 | 1.80 | | | | | | |
| 31 | 1.80 | | | | | | |

3.3C-06B

## 2. TABLE OF GUARANTEED MAXIMUM COST OF INSURANCE RATES

### GUARANTEED MAXIMUM MONTHLY RATES PER $1,000
### OF NET AMOUNT AT RISK

| LIFE INSURED'S ATTAINED AGE | MAXIMUM MONTHLY RATE PER $1,000 | LIFE INSURED'S ATTAINED AGE | MAXIMUM MONTHLY RATE PER $1,000 | LIFE INSURED'S ATTAINED AGE | MAXIMUM MONTHLY RATE PER $1,000 |
|---|---|---|---|---|---|
| 0 | 0.0400 | 41 | 0.1058 | 82 | 4.5616 |
| 1 | 0.0291 | 42 | 0.1125 | 83 | 5.0733 |
| 2 | 0.0216 | 43 | 0.1209 | 84 | 5.6400 |
| 3 | 0.0166 | 44 | 0.1309 | 85 | 6.2826 |
| 4 | 0.0158 | 45 | 0.1426 | 86 | 6.8695 |
| 5 | 0.0150 | 46 | 0.1559 | 87 | 7.7603 |
| 6 | 0.0150 | 47 | 0.1726 | 88 | 8.7003 |
| 7 | 0.0175 | 48 | 0.1910 | 89 | 9.7133 |
| 8 | 0.0175 | 49 | 0.2110 | 90 | 10.6571 |
| 9 | 0.0175 | 50 | 0.2344 | 91 | 11.1384 |
| 10 | 0.0183 | 51 | 0.2603 | 92 | 12.0927 |
| 11 | 0.0191 | 52 | 0.2896 | 93 | 13.5274 |
| 12 | 0.0225 | 53 | 0.3214 | 94 | 15.3719 |
| 13 | 0.0250 | 54 | 0.3548 | 95 | 17.7024 |
| 14 | 0.0275 | 55 | 0.3908 | 96 | 19.9736 |
| 15 | 0.0291 | 56 | 0.4326 | 97 | 22.3736 |
| 16 | 0.0325 | 57 | 0.4762 | 98 | 22.7915 |
| 17 | 0.0341 | 58 | 0.5231 | 99 | 24.2041 |
| 18 | 0.0350 | 59 | 0.5701 | 100 | 26.4942 |
| 19 | 0.0375 | 60 | 0.6187 | 101 | 29.0028 |
| 20 | 0.0375 | 61 | 0.6716 | 102 | 31.8878 |
| 21 | 0.0383 | 62 | 0.7295 | 103 | 35.1432 |
| 22 | 0.0400 | 63 | 0.7892 | 104 | 38.8726 |
| 23 | 0.0400 | 64 | 0.8539 | 105 | 43.0924 |
| 24 | 0.0416 | 65 | 0.9255 | 106 | 47.6414 |
| 25 | 0.0416 | 66 | 1.0046 | 107 | 52.5635 |
| 26 | 0.0441 | 67 | 1.0915 | 108 | 57.8160 |
| 27 | 0.0475 | 68 | 1.1885 | 109 | 63.6520 |
| 28 | 0.0483 | 69 | 1.2950 | 110 | 70.0659 |
| 29 | 0.0516 | 70 | 1.4125 | 111 | 76.7256 |
| 30 | 0.0533 | 71 | 1.5481 | 112 | 83.3333 |
| 31 | 0.0566 | 72 | 1.6999 | 113 | 83.3333 |
| 32 | 0.0600 | 73 | 1.8648 | 114 | 83.3333 |
| 33 | 0.0633 | 74 | 2.0462 | 115 | 83.3333 |
| 34 | 0.0683 | 75 | 2.2475 | 116 | 83.3333 |
| 35 | 0.0741 | 76 | 2.4690 | 117 | 83.3333 |
| 36 | 0.0792 | 77 | 2.7134 | 118 | 83.3333 |
| 37 | 0.0858 | 78 | 2.9843 | 119 | 83.3333 |
| 38 | 0.0892 | 79 | 3.2776 | 120 | 83.3333 |
| 39 | 0.0942 | 80 | 3.6065 | | |
| 40 | 0.1000 | 81 | 4.0550 | | |

The rates shown above are based on the life insured's Risk Classification as shown on Policy Specifications page 3.0B.

The above rates will be adjusted for any Additional Rating shown in the Policy Specifications section.

U0406FNSTX

## 3. DEFINITIONS

THE FOLLOWING TERMS HAVE SPECIFIC MEANINGS IN YOUR POLICY.   PLEASE REFER TO THE DEFINITIONS AS YOU READ YOUR POLICY.

**Additional Rating** is an increase in the Cost of Insurance that is applied when a life insured does not meet, at a minimum, our underwriting requirements for the standard Risk Classification.

**Age** means age on the birthday nearest to the Policy Date.

**Attained Age** on any date means the Age plus the number of whole years that have elapsed since the Policy Date.

**Business Day** is any date on which we are open for business.

**Cash Surrender Value** equals the Policy Value less the Surrender Charge and any outstanding Monthly Deductions due.

**Date** means a calendar day ending at midnight local time at our Service Office.

**Guaranteed Interest Account** is that part of the Policy Value which reflects the value you have in our general account.

**Issue Date** is the date shown in the Policy Specifications section from which the Suicide Exclusion and Incontestability provisions are applied.

**Loan Account** is that part of the Policy Value which reflects amounts transferred from the Guaranteed Interest Account as collateral for a Policy Loan.

**Loan Differential** is the difference between the rate at which loan interest is charged and credited. It is the annual cost of keeping a loan. The Maximum Loan Differential is shown in the Policy Specifications section.

**Net Cash Surrender Value** is the Cash Surrender Value less the Policy Debt.

**Net Premium** is the gross premium paid less any Premium Charge.

**Planned Premium** is the amount shown in the Policy Specifications section that is selected in the application for the policy.

**Policy Date** is the date from which charges for the first Monthly Deduction are calculated. The Policy Date is shown in the Policy Specifications section of this policy. Policy Years, Policy Months and Policy Anniversaries are determined from the Policy Date.

**Policy Debt** as of any date equals (a) plus (b) plus (c), minus (d), where:

(a)    is the total amount of loans borrowed as of such date;

(b)    is the total amount of any unpaid loan interest charges borrowed against the policy on a Policy Anniversary;

(c)    is any interest charges accrued from the last Policy Anniversary to the current date; and

(d)    is the total amount of loan repayments as of such date.

(continued)

5                                                                                                                        U0506TX

## 3. DEFINITIONS (CONTINUED)

**Policy Value** is the sum of the values in the Loan Account and the Guaranteed Interest Account.

**Service Office** is the office that we designate to service this policy as shown on the back cover of your policy.

**Surrender Charge Period** is the period beginning on the Policy Date during which we will assess surrender charges. Surrender charges will apply during this period if you surrender the policy, request a decrease in Face Amount, make a partial withdrawal, or if the policy terminates due to default.  The Surrender Charge Period is shown in the Policy Specifications section.

**Written Request** is your request to us which must be in a form satisfactory to us, signed and dated by you, and filed at our Service Office.

## 4. INSURANCE BENEFIT

If the life insured dies while the policy is in force, we will pay the Insurance Benefit within two months of receiving due proof of death, subject to the Misstatements Of Age And Sex, Suicide Exclusion and Incontestability provisions.

If the life insured dies after we receive a request from you to surrender the policy, there will be no Insurance Benefit.  We will pay the amount payable under the Surrender and Withdrawals provision instead.

**Insurance Benefit.** The Insurance Benefit payable is:

(a)    the Death Benefit as described below; plus

(b)    any amounts payable under any Supplementary Benefits as a result of the life insured's death, that form part of the policy; less

(c)    the value of the Policy Debt at the date of death.

If the life insured dies during a grace period, the Insurance Benefit payable described above will be modified as follows:

(a)    the Insurance Benefit will be reduced by any outstanding Monthly Deductions due; and

(b)    the Policy Value used in the calculation of the Death Benefit will be the Policy Value as of the default date.

**Death Benefit.** The Death Benefit will depend on whether Death Benefit Option 1 or 2 is in effect on the date of death.

Under Option 1, the Death Benefit is the Face Amount of the policy at the date of the life insured's death.

Under Option 2, the Death Benefit is the Face Amount of the policy, plus the Policy Value at the date of the life insured's death.

The Death Benefit after the life insured's Attained Age 121 is the same as defined in this Death Benefit section.

(continued)

6.

## 4. INSURANCE BENEFIT (CONTINUED)

If any partial withdrawals are made, the Death Benefit, whether it is Option 1 or 2, will be less than it would be if no withdrawals were made. The withdrawal will reduce the Death Benefit by reducing:

(a)   the Face Amount of insurance if Death Benefit Option 1 is in effect, as specified in the Surrender and Withdrawals provision; or

(b)   the Policy Value if Death Benefit Option 2 is in effect.

**Minimum Death Benefit.** To ensure that the policy continues to qualify as life insurance under the Internal Revenue Code, the sum of the Death Benefit as described above and the Benefit payable under any Supplementary Benefits as a result of the life insured's death, will never be less than the Policy Value at the date of death, multiplied by the Minimum Death Benefit Percentage for the Attained Age of the life insured as shown in the table below.

| Table of Minimum Death Benefit Percentages | |
| --- | --- |
| **Attained Age** | **Applicable Percentage** |
| 40 and under | 250% |
| 45 | 215% |
| 50 | 185% |
| 55 | 150% |
| 60 | 130% |
| 65 | 120% |
| 70 | 115% |
| 75 | 105% |
| 90 | 105% |
| 95 and above | 100% |
| For ages not shown, the Applicable Percentage can be found by reducing the above Applicable Percentages proportionately. | |

## 5. INTEREST ON PROCEEDS

We will pay the Insurance Benefit in one lump sum including interest as stipulated by the state. If the state does not specify the interest rate we will use the rate for insurance benefits left on deposit with us.

## 6. PAYMENT OF PREMIUMS

The Minimum Initial Premium is shown in the Policy Specifications section. The policy will not be in effect until the Minimum Initial Premium is received.

Subsequent premiums may be paid at any time at our Service Office or to the agent who services your policy. Payment may be in any amount subject to the Limits described below. On request, we will give you a receipt signed by one of our officers.

You may pay premiums until the life insured reaches Attained Age 121, at which time, Monthly Deductions cease. No further premiums may then be paid.

Subject to our maximum limits then in effect, you may pay Premiums in excess of the Planned Premium while the policy is in force. The Maximum Annual Premium payment in any Policy Year is shown in the Policy Specifications section. Upon request, we will consider waiving this restriction.

(continued)

U0706TX

## 6. PAYMENT OF PREMIUMS (CONTINUED)

**Limits.** The provisions of this policy are to be interpreted to ensure or maintain qualification as a life insurance contract for federal income tax purposes, notwithstanding any other provisions to the contrary. If at any time the premiums received under the Policy exceed the amount allowable for such tax qualification, such excess amount shall be removed from the policy as of the date of its payment, together with investment interest thereon from such date, and any appropriate adjustment in the Death Benefit shall be made as of such date. This excess amount (plus or minus any investment interest) shall be refunded to you no later than 60 days after the end of the applicable Policy Year. If this excess amount (plus or minus any investment interest) is not refunded by then, the Death Benefit under the policy shall be increased retroactively so that at no time is the Death Benefit ever less than the amount necessary to ensure or maintain such tax qualification. In no event, however, will we refuse to accept any premium necessary to prevent the policy from lapsing in accordance with Section 7. In the case of certain other tax problems, we will process the payment or portion on the first Business Day after we have received written instructions satisfactory to us from you to process such payment or portion notwithstanding the existence of the tax problem.

**Continuation of Insurance Upon Discontinuance of Premium Payments.** If you discontinue paying premiums, we will continue taking the Monthly Deductions due from the accumulated Policy Value. Your insurance coverage will continue subject to the Grace Period and Policy Termination provisions of this policy.

## 7. GRACE PERIOD

**Default.** This policy will go into default if, at the beginning of any Policy Month, the Net Cash Surrender Value would go to or below zero after we take the Monthly Deduction that is due for that month.

**Grace Period Duration.** We will allow 61 days from the date the policy goes into default, for you to pay the amount that is required to bring the policy out of default. At least 30 days prior to the termination of coverage, we will send a notice to your last known address, specifying the amount you must pay to bring the policy out of default. If we have notice of a policy assignment on file at our Service Office, we will also mail a copy of the notice of the amount due to the assignee on record.

The amount required to bring the policy out of default is equal to (a) plus (b) plus (c) where:

(a)   is the amount necessary to bring the Net Cash Surrender Value to zero if it is less than zero, at the date of default;

(b)   is the Monthly Deduction due on the date of default, plus the next two Monthly Deductions;

(c)   is the applicable Premium Charge.

When payment is received, any expense charges which are past due and unpaid will be immediately deducted from the Guaranteed Interest Account.

## 8. POLICY TERMINATION

**Termination Date.** This policy terminates on the earliest of the following events:

(a)   the end of the grace period for which you have not paid the amount necessary to bring the policy out of default;

(b)   surrender of the policy for its Net Cash Surrender Value;

(c)   the death of the life insured.

## 9. REINSTATEMENT

If the policy terminates at the end of a grace period in which you did not make a required payment, the policy may be reinstated within 3 years from the date of default.  The policy cannot be reinstated if it has been surrendered for its Net Cash Surrender Value.

The requirements for reinstatement are as follows:

    (1)   we must receive Written Request for reinstatement;

    (2)   we must receive evidence of insurability satisfactory to us for the life insured, and for those insured under any rider that you wish to reinstate;

    (3)   we must receive a premium equal to the amount that was required to bring the policy out of default immediately prior to termination, plus the amount needed to keep the policy in force to the next scheduled date for payment of the Planned Premium.

Requirements (2) and (3) must be satisfied within 60 days after the date we receive Written Request for reinstatement.

If we approve your request,

    (a)   the reinstatement date will be the date we receive the required payment at our Service Office;

    (b)   any Surrender Charge will be reinstated to the amount it was at the date of default;

    (c)   the Surrender Charge period, if any, will be the same as on the date of default;

    (d)   the Policy Value on the date of reinstatement, prior to the crediting of any Net Premium paid on the reinstatement, will be equal to the Policy Value on the date the policy terminated.

## 10. POLICY CONTINUATION AT ATTAINED AGE 121

Provided the policy is in force at the life insured's Attained Age 121, we will continue the policy subject to the following:

    (a)   we will not accept any further premium payments, only loan repayments;

    (b)   new loans are allowed to be taken at and after the Life Insured's age 121;

    (c)   Monthly Deductions for expense charges listed in the Policy Specifications section will be discontinued;

    (d)   we will continue to credit interest monthly to your Policy Value;

    (e)   interest on any Policy Debt will continue to accrue;

    (f)   the Death Benefit is the same as defined in Section 4 of your policy.

(continued)

U0906TX

## 10. POLICY CONTINUATION AT ATTAINED AGE 121 (CONTINUED)

**Default After Attained Age 121.** The policy will go into default at any time the Policy Debt exceeds the Policy Value. At least 30 days prior to the termination of coverage, we will send a notice to your last known address specifying the amount you must pay to bring the policy out of default. If you had filed a notice of assignment with us, we will also send a copy of the notice to the last known address of the assignee on record. Payment of the loan interest during the 61-day grace period will bring the policy out of default.

## 11. POLICY VALUE

**Premium Payments.** When we receive your premium payments at our Service Office, we subtract the Premium Charge shown in the Policy Specifications section. We add the balance (the Net Premium) to the Guaranteed Interest Account after any deductions due on that day are taken from your Guaranteed Interest Account. However, we will add any Net Premiums received before the Policy Date to your Guaranteed Interest Account as of the Policy Date.

**Monthly Deductions.** At the beginning of each Policy Month a deduction is taken from your Guaranteed Interest Account. Monthly Deductions are calculated from the Policy Date. If you requested a Policy Date which precedes the date on which we receive the initial premium, Monthly Deductions due for the period prior to receipt of the initial premium will be taken on the date we receive the initial premium.

Monthly Deductions are due until the Policy Anniversary on which the life insured reaches Attained Age 121. If the policy is in force on that date it will remain in force, without further premium payments or Monthly Deductions, subject to the Policy Loan Conditions provision.

The Maximum Monthly Deduction for any Policy Month is the sum of the following charges determined at the beginning of that month:

(a)   the Administrative Charge shown in the Policy Specifications section;

(b)   the Contract Charge shown in the Policy Specifications section;

(c)   the Coverage Expense Charge shown in the Policy Specifications section;

(d)   the Cost of Insurance Charge; and

(e)   any applicable charge for any Supplementary Benefits you have added to your policy.

**Cost of Insurance Charge.** The rates for the Cost of Insurance are based on the life insured's Age, Sex, Risk Classification, and duration that the coverage has been in force. They are based on our expectations of future mortality, persistency, investment earnings, expense, and tax assumptions as well as capital and reserve requirements.

The Cost of Insurance Charge for a specific Policy Month is the charge for the Net Amount at Risk. The charge for the Net Amount at Risk is an amount equal to the per dollar cost of insurance rate for that month multiplied by the Net Amount at Risk. The Maximum Cost of Insurance Rates at any age is shown in the Table of Guaranteed Maximum Cost of Insurance Rates in section 2 as a rate per $1,000 dollars of insurance. These rates per $1,000 will be increased for any Additional Rating shown in the Policy Specifications section. To get the maximum rate per dollar of insurance the rate shown must be divided by 1000. Each Cost of Insurance Charge is deducted in advance of the insurance coverage to which it applies.

(continued)

10

## 11. POLICY VALUE (CONTINUED)

The Net Amount at Risk is the amount determined by subtracting (a) from the greater of (b) or (c) where:

(a)   is the Policy Value as of the first day of the Policy Month after the deduction of all charges;

(b)   is (i) the Face Amount of insurance as of the first day of the Policy Month, divided by the Death Benefit Discount Factor shown in the Policy Specifications section for Death Benefit Option 1; or (ii) the Face Amount of insurance as of the first day of the Policy Month, divided by the Death Benefit Discount Factor shown in the Policy Specifications section plus the Policy Value as of the first day of the Policy Month after the deduction of all charges for death benefit Option 2; and

(c)   is the amount defined in (a) multiplied by the Minimum Death Benefit Percentage for the life insured's Attained Age as shown in the Table of Minimum Death Benefit Percentages in Section 4.

The Cost of Insurance calculation will reflect any supplementary death benefits which are part of the policy and any adjustment for the Minimum Death Benefit.

We review our Cost of Insurance rates from time to time and may re-determine Cost of Insurance rates at that time on a basis that does not discriminate unfairly within any class of lives insured.

**Other Deductions.** We will deduct a Surrender Charge if during the Surrender Charge Period:

(a)   you surrender the policy for its Net Cash Surrender Value;

(b)   you make a partial withdrawal of the Net Cash Surrender Value;

(c)   you decrease the Face Amount of insurance; or

(d)   you do not pay an amount due at the end of a grace period, and your policy terminates.

See the Surrender and Withdrawals provision for details.

## 12. POLICY VALUE COMPOSITION

Your Policy Value at any time is equal to the sum of the values you have in the Loan Account and the Guaranteed Interest Account.

**Loan Account Value.** The amount you have in the Loan Account at any time equals:

(a)   amounts transferred to it for loans or borrowed loan interest; plus

(b)   interest credited to it; less

(c)   amounts transferred from it for loan repayment.

For the details of the Loan Account see the Policy Loan Conditions provision.

(continued)

14.

## 12. POLICY VALUE COMPOSITION (CONTINUED)

**Guaranteed Interest Account Value.** The amount you have in the Guaranteed Interest Account at any time equals:

(a)    Net Premiums allocated to it; plus

(b)    amounts transferred to it; plus

(c)    interest credited to it; less

(d)    Monthly Deductions; less

(e)    amounts transferred from it; less

(f)    amounts withdrawn from it.

Interest will be credited to amounts in the Guaranteed Interest Account at an effective annual rate of no less than the Guaranteed Interest Account Rate as shown in the Policy Specifications section. The actual rates used will be set by us from time to time. For all transactions, interest is calculated and credited from the date of the transaction.

## 13. POLICY LOAN CONDITIONS

At any time while this policy is in force and has an available loan value, you can get a loan by Written Request. We may require a loan agreement from you as the policy is the only security for the loan.

**Available Loan Value.** The available loan value on any date is the Net Cash Surrender Value, less estimated interest and the Monthly Deductions due to the next Policy Anniversary.

**Loan Account.** When you take out a loan, or when loan interest charges are borrowed, we will do a transfer from the Guaranteed Interest Account into the Loan Account.

**Loan Interest Charged.** Interest will accrue daily on loans. In the event that you do not pay the loan interest charged in any Policy Year, it will be borrowed against the policy and added to the Policy Debt in arrears at the Policy Anniversary.

Loan interest will continue to be charged if there is an outstanding loan when Monthly Deductions and premium payments cease at the life insured's Attained Age 121. Prior to the life insured's Attained Age 121, the policy will go into default at any time the Policy Debt exceeds the Cash Surrender Value. After this date the policy will go into default at any time the Policy Debt exceeds the Policy Value. We will allow 61 days from the date the policy goes into default for you to pay the amount that is required to bring the policy out of default. At least 30 days prior to termination, we will send a notice to your last known address. If you had filed a notice of assignment with us, we will also send a copy of the notice to the last known address of the assignee on record. Payment of the loan interest during the 61-day grace period will bring the policy out of default.

The loan interest rate is variable. It will be set each year at your Policy Anniversary and it will not change during the year.

(continued)

12

## 13. POLICY LOAN CONDITIONS (CONTINUED)

The loan interest rate charged will not exceed the lesser of (a) or (b), where:

(a)   is 15% per annum; or

(b)   is the greater of:

    (i)    the Guaranteed Interest Account Rate shown in the Policy Specifications section plus 1% per annum; or

    (ii)   the Moody's Corporate Bond Yield Average-Monthly Average Corporates for the calendar month ending two months before the beginning of the month in which your Policy Anniversary falls. For example, if your Policy Anniversary is in April, we would use the Average for January.

If the Average is at least one-half of one percent smaller than the rate we have set for the previous Policy Year, we will reduce the rate to a rate no more than that Average. If the Average is at least one-half of one percent greater than the rate we have set for the previous Policy Year, we will increase the rate to a rate no more than that Average.

Moody's Corporate Bond Yield Average-Monthly Average Corporates referred to above is published in the United States by Moody's Investors Service, Inc. In the event it is no longer published, we will use a similar average published by another United States bond rating agency.

**Loan Interest Credited.** Interest will accrue daily to amounts in the Loan Account. The rate credited will never be less than the loan interest rate charged less the Loan Differential. The Maximum Loan Differential is shown in the Policy Specifications section.

**Loan Repayment.** You may repay the Policy Debt in whole or in part at any time prior to the death of the life insured, and while the policy is in force. When you repay a loan, we will transfer an amount equal to the amount repaid, less the loan interest differential for that repayment, from the Loan Account to the Guaranteed Interest Account.

While a loan exists, we will treat any amounts you pay us premiums, unless you request in writing that they be treated as loan repayments.

This policy will terminate if the value of the Loan Account exceeds the Cash Surrender Value. At least 31 days prior to the termination we will mail a notice to you at your last known address. If you had filed a notice of assignment with us, we will also mail the notice to the last known address of the assignee on record.

## 14. SURRENDER AND WITHDRAWALS

**Surrender of the Policy.** You may surrender this policy for its Net Cash Surrender Value at any time prior to the death of the life insured. We will determine the Net Cash Surrender Value at the end of the day on which we receive the policy and your Written Request for surrender at our Service Office. After we receive your surrender request, no insurance will be in force.

The Cash Surrender Value within 30 days of any Policy Anniversary will not be less than the Cash Surrender Value on that Anniversary.

During the Surrender Charge Period, we will deduct a Surrender Charge from your Policy Value if you surrender the policy for its Net Cash Surrender Value or if it terminates at the end of a grace period. See the Policy Specifications section.

(continued)

13

U1306TX

## 14. SURRENDER AND WITHDRAWALS (CONTINUED)

**Partial Net Cash Surrender Value Withdrawal.** Once per Policy Month, after the first Policy Anniversary, you may request a partial Net Cash Surrender Value withdrawal provided there is a Net Cash Surrender Value for the policy. For each withdrawal we reserve the right to charge a Withdrawal Charge as shown in the Policy Specifications section. The withdrawal will be made as of the end of the day on which we receive your Written Request and will reduce the Policy Value. Without our prior approval, each withdrawal must be for at least the Minimum Withdrawal Amount shown in the Policy Specifications section.

We will deduct a pro-rata Surrender Charge from the Policy Value at the time of the partial net cash surrender value withdrawal.

The pro-rata Surrender Charge for the initial Face Amount will equal (a) divided by (b), multiplied by (c), where:

(a)     is the amount of the partial Net Cash Surrender Value withdrawal;

(b)     is the Net Cash Surrender Value prior to the withdrawal; and

(c)     is the total current Surrender Charge prior to the withdrawal.

The Surrender Charge will be reduced by the amount of any pro-rata Surrender Charge imposed. We will inform you of the remaining Surrender Charge.

If Death Benefit Option 1 is in effect at the time of the withdrawal, then the Face Amount of insurance will be reduced:

(a)     by the amount of the Net Cash Surrender Value withdrawal, if at the time of the withdrawal the Death Benefit equals the Face Amount; otherwise

(b)     by the amount, if any, by which the Net Cash Surrender Value withdrawal exceeds the difference between the Minimum Death Benefit and the Face Amount, divided by the applicable Minimum Death Benefit Percentage for the life insured's Attained Age as shown in the Table of Minimum Death Benefit Percentages in Section 4.

Partial Net Cash Surrender Value withdrawals do not affect the Face Amount of your policy if Death Benefit Option 2 is in effect.

## 15. CHANGING THE DEATH BENEFIT OPTION OR DECREASING THE FACE AMOUNT

**General Conditions.** You may change your Death Benefit Option or decrease your Face Amount of insurance by Written Request. Such changes are subject to the conditions of this provision.

The following general conditions apply to the changes under this provision:

(a)     changes to your Death Benefit Option and Face Amount Decreases may be made at any time after the first policy year;

(b)     any such change will take effect at the beginning of the Policy Month following the date we approve the request;

(c)     we reserve the right to limit any changes that would cause this policy to fail to qualify as life insurance under the Internal Revenue Code.

You may not increase your Face Amount of insurance under this Policy.

(continued)

## 15. CHANGING THE DEATH BENEFIT OPTION OR DECREASING THE FACE AMOUNT (CONTINUED)

### Change from Death Benefit Option 1 to Option 2

The Face Amount of insurance after the change from Option 1 to Option 2 is equal to the base Face Amount immediately before the change minus the Policy Value on the effective date of the change.

Partial Net Cash Surrender Value withdrawals do not affect the Face Amount of your policy if Death Benefit Option 2 is in effect.

A decrease in Face Amount caused by a change from Death Benefit Option 1 to 2 will incur the Pro-Rata Surrender Charge described below.

We will not allow the change in Death Benefit Option if it would cause the Face Amount to decrease below the Minimum Face Amount shown in the Table of Values in the Policy Specifications section.

### Change from Death Benefit Option 2 to Option 1

The Face Amount of insurance after the change from Option 2 to Option 1 is equal to the same base Face Amount that was in force immediately before the effective date of the change.

**Decrease In Face Amount.** The Minimum Face Amount Decrease is shown in the Policy Specifications section.

We will not allow a decrease if it would cause the Face Amount to go below the Minimum Face Amount shown in the Policy Specifications section, unless the decrease is the result of a partial net cash surrender value withdrawal.

**Pro-Rata Surrender Charge.** If you decrease the Face Amount of insurance while the Surrender Charge is applicable, or if there is a decrease in Face Amount caused by a change from Death Benefit Option 1 to 2 while the Surrender Charge is applicable, we will deduct a pro-rata Surrender Charge from the Policy Value.

The pro-rata Surrender Charge deducted will equal (a) divided by (b), multiplied by (c), where:

(a)   is the amount of the decrease in the base Face Amount;

(b)   is the amount of the base Face Amount immediately prior to the decrease; and

(c)   is the current Surrender Charge for the base Face Amount immediately prior to the decrease.

Each time we deduct the pro-rata Surrender Charge for a Face Amount decrease, we will reduce the remaining Surrender Charge in the same proportion that the Surrender Charge deducted bears to the total Surrender Charge immediately before the Face Amount decrease.

U1506TX

## 16. OWNER AND BENEFICIARY

Until the life insured's death, without the consent of any revocable beneficiaries, you can receive any amount payable under the policy and exercise all rights and privileges granted by the policy.

**Change of Owner.** Until the life insured's death, the owner can change the ownership of the policy by Written Request. The change will take effect as of the date you signed the Written Request. It will not apply to any payments we made or any action we may have taken before we received your Written Request.

**Trustee Owner.** Should the owner be a trustee, payment to the trustee(s) of any amount to which the trustee(s) is (are) entitled under the policy, either by death or otherwise, will fully discharge us from all liability under the policy to the extent of the amount so paid.

**Joint Ownership.** Two or more owners will own the policy as joint tenants with right of survivorship, unless otherwise requested on the application or in any subsequent assignment of the policy. On death of any of the owners, the deceased owner's interest in the policy passes to the surviving owner(s).

**Successor Owner.** Upon the owner's death during the life insured's lifetime, a named successor owner will, if then living, have all the owner's rights and interest in the policy. Until the life insured's death, the owner, without the consent of any beneficiary or any successor owner, can cancel or change the designation of successor owner. This may be done from time to time by agreement in writing with us.

The following four sections will apply unless there is a beneficiary appointment in force that provides otherwise.

**Beneficiary Classification.** You can appoint beneficiaries for the Insurance Benefit in three classes: primary, secondary, and final. Beneficiaries in the same class will share equally in the Insurance Benefit payable to them.

**Payment To Beneficiaries.** We will pay the Insurance Benefit:

(a)    to any primary beneficiaries who are alive when the life insured dies; or

(b)    if no primary beneficiary is then alive, to any secondary beneficiaries who are then alive; or

(c)    if no primary or secondary beneficiary is then alive, to any final beneficiaries who are then alive.

**Change Of Beneficiary.** Until the life insured's death, you can change the beneficiary by Written Request unless you make an irrevocable designation. We are not responsible if the change does not achieve your purpose. The change will take effect as of the date you signed such request. It will not apply to any payments we made or any action we may have taken before we received your Written Request.

**Death Of Beneficiary.** If no beneficiary is alive when the life insured dies, the Insurance Benefit will be payable to you; or if you are the life insured, to your estate. Unless otherwise provided, if a beneficiary dies before the seventh day after the death of the life insured, we will pay the Insurance Benefit as if the beneficiary had died before the life insured.

## 17. ASSIGNMENT

Your interest in this policy may be assigned without the consent of any revocable Beneficiary. Your interest, any interest of the life insured and of any revocable Beneficiary shall be subject to the terms of the assignment.

We will not be on notice of any assignment unless it is in writing, nor will we be on notice until a duplicate of the original assignment has been filed at our Service Office. We assume no responsibility for the validity or sufficiency of any assignment.

## 18. MISSTATEMENTS OF AGE AND SEX

If the Age or Sex of the life insured was misstated in the application, we will change the Face Amount of insurance and every other benefit to that which would have been purchased at the correct Age or Sex by the most recent Cost of Insurance charge.

## 19. SUICIDE EXCLUSION

If within two years after the Issue Date, the life insured dies by suicide, while sane or insane, the policy will terminate and our liability will be limited to:

(a)     the premiums paid; less

(b)     any partial Net Cash Surrender Value withdrawals; and less

(c)     the Policy Debt.

We reserve the right under this provision to obtain evidence of the manner and cause of death of the life insured.

## 20. INCONTESTABILITY

This policy shall be incontestable after it has been in force during the lifetime of the life insured for two Policy Years from the Issue Date, except for policy termination, or any provision for reinstatement or policy change requiring evidence of insurability.

In the case of reinstatement or any policy change requiring evidence of insurability, the incontestable period shall be two years from the effective date of such reinstatement or policy change. The contest will be limited to only those material misstatements made in the reinstatement application or application for policy change.

Any premium payment which we accept subject to insurability, and any increase in the Death Benefit resulting from such payment, shall be considered a policy change for purposes of this Section.

## 21. THE CONTRACT

The written application for the policy is attached at issue. The entire contract between the applicant and us consists of the policy, such application, and any riders and endorsements. However, additional Written Requests or applications for policy changes or acceptance of excess payment may be submitted to us after issue and such additional requests may become part of the policy.

(continued)

17

U1706TX



## 21. THE CONTRACT (CONTINUED)

All statements made in any application shall, in the absence of fraud, be deemed representations and not warranties. We will use no statement made by or on behalf of the life insured to contest a claim under the policy unless it is in a written application.

An exchange of this policy for a new policy on a different plan may be made by agreement between you and us in accordance with our published rules in effect at that time.

We reserve the right to make any changes necessary in order to keep this policy in compliance with any changes in federal or state tax laws. Other changes in this policy may be made by agreement between you and us. Only the President, Vice President, the Secretary, or an Assistant Secretary of the Company has authority to waive or agree to change in any respect any of the conditions or provisions of the policy, or to extend credit or to make an agreement for us.

## 22. RIGHT TO POSTPONE PAYMENT OF BENEFITS

We reserve the right to postpone the payment of Net Cash Surrender Values, partial Net Cash Surrender Value withdrawals and policy loans for up to six months from the date of request, except when used to make a premium payment.

## 23. CLAIMS OF CREDITORS

The proceeds under the policy will be exempt from the claims of creditors to the extent permitted by law. These proceeds and payments may not be assigned or withdrawn before becoming payable without our agreement.

## 24. CURRENCY AND PLACE OF PAYMENT

All payments to or by us will be in U.S. currency. We will make payments from our Service Office. We may require proof that the person claiming any payment is entitled to it.

## 25. ANNUAL STATEMENT

Within 30 days after each Policy Anniversary, we will send you a report at no charge showing:

(a)     the Death Benefit;

(b)     the Policy Value;

(c)     any Loan Account balance and loan interest charged since the last report;

(d)     the premiums paid for the year; and

(e)     any further information required by law.

## 26. PROJECTION REPORT

Upon request, we will provide you with a report of projected future values. We will provide one report annually without charge. For additional reports you request, we reserve the right to charge a reasonable fee, not to exceed $50.

18

## 27. TAX CONSIDERATIONS

It is the intent that this policy be considered as life insurance for tax purposes, to comply with Section 7702 of the Internal Revenue Code of 1986, or any other equivalent section of the Code. We reserve the right to make any reasonable adjustments to the terms or conditions of this policy if it becomes necessary to allow it to qualify as life insurance.

We do not give tax advice, and this provision should not be construed to guarantee that the policy will be treated as life insurance or that the tax treatment of life insurance will never be changed by the future actions of any tax authority.

**Your qualifying status rather than the insurance policy is the controlling factor as to whether your insurance proceeds will receive tax favored treatment. After Attained Age 121, the policy may no longer qualify as life insurance and may be subject to tax consequences. Please ask a tax specialist if you have any questions as to whether or not you qualify.**

## 28. HOW VALUES ARE COMPUTED

We provide Cash Surrender Values that are at least equal to those required by law. We base minimum Cash Surrender Values on the Commissioners 2001 Standard Ordinary, Sex Distinct, Smoker Distinct, Ultimate Mortality Table, with substandard ratings as applicable. We also use these tables in determining Guaranteed Maximum Cost of Insurance Rates. The Guaranteed Interest Account Rate is shown in the Table of Values in the Policy Specifications Section.

The reserves held will never be less than the Cash Surrender value of the policy.

A detailed statement of the method of computing the values for this policy has been filed with the Insurance Department of the State shown in the Policy Specifications section.

U1906TX

## SUPPLEMENTARY BENEFIT
## POLICY PROTECTION RIDER

This rider is part of your policy. It takes effect at the same time as your policy. Except where the rider provides otherwise, it is subject to all the provisions of your policy.

### BENEFIT PERIOD

This benefit applies to your policy for the duration shown in the Policy Specifications section for this rider.

### BENEFIT COST

The monthly cost of the benefit forms part of the Monthly Deduction under your policy. It is shown in the Policy Specifications section for this rider.

### BENEFIT

This benefit prevents your policy from going into default under the Grace Period provision of the policy provided that the Net Policy Protection Value is greater than zero. However this benefit will not prevent your policy from going into default if the Policy Debt is greater than zero and exceeds the Policy Value.

### NET POLICY PROTECTION VALUE

This is an amount equal to the Policy Protection Value, described below, less Policy Debt.

### POLICY PROTECTION VALUE

This is a reference value only. It is determined in the same way that your Policy Value is determined, as described in the Policy Value provision of your policy, except that:

(a)   the Premium Charge applied to premiums paid will be the Policy Protection Premium Charge shown in the Policy Specifications section for this rider;

(b)   the Administrative Charge and Contract Charge deducted monthly from the Policy Value will be the Policy Protection Administrative Charge and Policy Protection Contract Charge shown in the Policy Specifications section for this rider;

(c)   the Net Premium, after any deductions due are taken, is applied to the Policy Protection Value retroactive to the beginning of the Policy Month in which the premium is received and Policy Protection Value Interest credits are recalculated;

(d)   the Policy Protection Value will be credited with the Policy Protection Value Interest Rates shown in the Policy Specifications section for this rider;

(e)   the monthly Coverage Expense Charge shown in the Policy Specifications section will not be included in determining the Policy Protection Value;

(continued)

(f)   the rates used in calculating the Cost of Insurance for the basic policy and any Supplementary Benefit with such cost, are replaced with the Policy Protection Value Rates shown in Table 1 or Table 2 in the Policy Specifications section for this rider. Table 1 rates will apply except when the Net Policy Protection Value is not greater than the next Monthly Deduction as modified by this section. Table 2 rates will then be in effect as of that date and will continue in effect until any subsequent Policy Anniversary on which the Net Policy Protection Value is greater than zero, at which time it will revert back to the Table 1 rates; and

(g)   the Benefit Cost for this rider included in determining the Policy Protection Value will be the Policy Protection Benefit Cost shown in the Policy Specifications section for this rider.

The Policy Protection Value is not used in determining the actual Policy Value, Cash Surrender Value or Insurance Benefit provided by this policy.

## POLICY DEFAULT

Your policy will go into default at the beginning of any Policy Month if:

(a)   the Net Cash Surrender Value is zero or below; and

(b)   the Net Policy Protection Value goes to zero or below.

## POLICY GRACE PERIOD

We will allow 61 days from the date the policy goes into default for you to pay the amount that is required to bring the policy out of default. At least 30 days prior to termination of the policy, we will send a notice to your last known address, specifying the amount you must pay to bring the policy out of default. If we have notice of a policy assignment on file at our Service Office, we will also mail a copy of the notice of the amount due to the assignee on record.

The amount required to bring the policy out of default is the lesser of (a) or (b) where:

(a)   is the amount required under the policy Grace Period provision, plus any policy expense charges unpaid prior to policy default;

(b)   is the Monthly Deduction, as modified by the Policy Protection Value section, due on the date of default, plus the next two such Monthly Deductions.

If the amount necessary to bring the policy out of default is not paid by the end of the Policy Grace Period, then both the policy and this rider will terminate.

## BENEFIT DEFAULT

This benefit will go into default at the beginning of any Policy Month in which:

(a)   the Net Policy Protection Value goes to zero or below; or

(b)   the Policy Debt is greater than zero and exceeds the Policy Value.

(continued)

**BENEFIT GRACE PERIOD**

We will allow 61 days from the date the benefit goes into default for you to pay the amount that is required to bring the benefit out of default. At least 30 days prior to termination of the benefit, we will send a notice to your last known address, specifying the amount you must pay to bring the benefit out of default. If we have notice of a policy assignment on file at our Service Office, we will also mail a copy of the notice of the amount due to the assignee on record.

The amount required to bring the benefit out of default is equal to the Monthly Deduction, as modified by the Policy Protection Value section, due on the date of default, plus the next two such Monthly Deductions.

If the amount necessary to bring the benefit out of default is not paid by the end of the Benefit Grace Period then this benefit will terminate.

**TERMINATION**

This rider terminates at the earliest of:

(a)   the end of the Benefit Period shown in the Policy Specifications section for this rider;

(b)   the end of the Grace Period for which you have not paid the amount necessary to bring this benefit out of default;

(c)   the date your policy terminates;

(d)   the date we receive your Written Request for termination of this rider.

**REINSTATEMENT**

This rider allows for the reinstatement of this benefit with the policy provided a payment is made equal to the amount that was required to bring the policy out of default immediately prior to termination; plus the lesser of:

(a)   the next two Monthly Deductions from the reinstatement date; or

(b)   the next two Monthly Deductions from the reinstatement date, as modified by the Policy Protection Value section.

**JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)**

*[signature]*
President

## ENDORSEMENT

## CASH VALUE ACCUMULATION TEST

This endorsement is to be made only by the Company, and is attached to and made a part of your policy. It must be elected on the application for the policy to which it is attached, and will take effect at the same time as your policy. The test you elected is shown in Section 1. Your election cannot be changed after issue.

This endorsement provides an alternative means for your policy to qualify as life insurance under the Internal Revenue Code. If this test is elected the below sections of your policy are amended as follows:

1.  In Section 4, Insurance Benefit, the Minimum Death Benefit subsection is deleted and replaced in its entirety as follows:

    **Minimum Death Benefit.** To ensure that the policy continues to qualify as life insurance under the Internal Revenue Code, the sum of the Death Benefit as described above and the Benefit payable under any Supplementary Benefits as a result of the life insured's death, will never be less than the Policy Value at the date of death, multiplied by the Minimum Death Benefit Factor for the Attained Age of the life insured. The Minimum Death Benefit Factors are shown in the Policy Specifications (Section 1) on Page 3.2A.

2.  In Section 6, Payment of Premiums, the 4th paragraph is deleted and replaced in its entirety as follows:

    Subject to the limitations of the life insurance qualification test you elect and to our maximum limits then in effect, you may pay Premiums in excess of the Planned Premium while the policy is in force. We may require evidence of insurability for any such excess premium that results in an increase in the Death Benefit. The Maximum Annual Premium payment in any Policy Year is shown in the Policy Specifications section. Upon request, we will consider waiving this restriction.

3.  In Section 11, Policy Value, item (c) of the Cost of Insurance Charge subsection is deleted and replaced in its entirety as follows:

    Cost of Insurance Charge.
    (c)   is the amount defined in (a) multiplied by the Minimum Death Benefit Factor for the life insured's Attained Age as shown in the Table of Minimum Death Benefit Factors in Section 1 on Page 3.2A.

4.  In Section 14, Surrender and Withdrawal, paragraph 5, item (b) of the Partial Net Cash Surrender Value Withdrawal subsection is deleted and replaced in its entirety as follows:

    Partial Net Cash Surrender Value Withdrawal.
    (b)   by the amount, if any, by which the Net Cash Surrender Value withdrawal exceeds the difference between the Minimum Death Benefit and the Face Amount, divided by the applicable Minimum Death Benefit Factor for the life insured's Attained Age as shown in the Table of Minimum Death Benefit Factors in Section 1 on Page 3.2A.

                         JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)

                                         *[signature]*
                                         President

05PROUL-CVAT

93 902.849

NS   N

APPLICATION SUPPLEMENT

RETURN ONE COPY OF THIS FORM TO
JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)
HEAD OFFICE: 200 BLOOR STREET EAST
TORONTO, CANADA M4W 1E5

TWO COPIES OF THIS FORM MUST BE SIGNED BEFORE THIS POLICY IS DELIVERED

POLICY NUMBER:  93 902 849

REGISTER:  20920

ON THE LIFE OF:  MARY GREER

JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) IS REQUESTED TO MAKE THE FOLLOWING
ADDITIONS, CORRECTIONS AND AMENDMENTS IN THE APPLICATION DATED JAN 29, 2008. IT
IS AGREED THAT THEY ARE TO BE OF THE SAME EFFECT AS IF CONTAINED IN THE
APPLICATION.

ANSWERS TO THE FOLLOWING QUESTIONS OF THE APPLICATION SHOULD READ:
19A - NO
19B - NO
20 - NO

THIS POLICY IS ISSUED WITH CASH VALUE ACCUMULATION

RS/IMAGE OPS
2008 MAR -3 AM 10: 52

DATED AT _San Antonio, Texas_, THIS _28_ DAY OF _February_, YEAR _2008_
(city/state)

_Mary Greer_

SIGNATURE OF PROPOSED
LIFE INSURED (ANNUITANT)
MARY GREER

_William Greer_

SIGNATURE OF APPLICANT IF OTHER THAN
PROPOSED LIFE INSURED (ANNUITANT)
WILLIAM GREER

FORM 856

**EXHIBIT "F"**

Copy of letter to
JOHN HANCOCK LIFE INSURANCE COMPANY
dated April 11, 2019

THE LAW OFFICES
OF
## LEONARD S. ROTH, P.C.
A PROFESSIONAL CORPORATION

*Attorneys and Counselors at Law*

www.LeonardSRoth.com
4265 SAN FELIPE, SUITE 500
HOUSTON, TEXAS 77027-2988

TELEPHONE (713) 622-4222                          FACSIMILE (713) 622-4227

April 11, 2019

JOHN HANCOCK LIFE INSURANCE COMPANY                    VIA FAX &
Life Post Issue Claims                                 VIA FEDEX EXPRESS
30 Dan Road, Suite 55979
Canton, MA 02021

    RE:    Life Insurance Policy No. 93 902 849
           Insured: MARY GREER

Dear Madam or Sir:

This firm represents Marilyn J. Greer ("Marilyn") individually and in her capacity as independent executrix of the ESTATE OF MARY B. GREER, DECEASED ("Estate"). The Estate was probated in Harris County Probate Court No. 3 under Cause No. 467,380. Mary B. Greer ("Mrs. Greer") died on April 15, 2018. Please accept this letter as a claim by the Estate on John Hancock policy no. 93 902 849 ("The Policy") *[emphasis added]*. The previous owner and beneficiary was the Mrs. Greer's son, William J. Greer ("Mr. Greer"). However, Mr. Greer predeceased his mother on August 4, 2017. At the time of his death, Mr. Greer was unmarried and left no descendants.

In a letter dated May 21, 2018, attached hereto as **Exhibit "A"**, John Hancock correctly identified the beneficiary of the proceeds to be the Estate based on the Section 19 of The Policy. Prior to his death, Mr. Greer was the owner and beneficiary of The Policy. No other successor owner nor contingent beneficiary were named at the time of his death. Section 19 of The Policy states as follows:

*"If no beneficiary is alive when the Life Insured dies, the Insurance Benefit will be payable to you, or if you are the Life Insured, to your estate".*

Mrs. Greer was the "Life Insured" at the time of Mr. Greer's death. She survived her son by almost eight (8) months. The Estate is thus the beneficiary of The Policy.

Z:\Greer\JH-Lttr01.wpd

JOHN HANCOCK LIFE INSURANCE COMPANY
April 11, 2019
Page 2

Under Chapter 1103, Section 1103.152(c) of the Texas Insurance Code, it states:

*"If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy or contract under subsection (a), the nearest relative of the insurance is entitled to receive those proceeds".* See Exhibit "B".

In the case at hand, Marilyn is the sole surviving family member and the *"nearest relative"* to the insured and the beneficiary. Consistent with recognizing the Estate as the beneficiary of the proceeds of Mr. Greer's policy, John Hancock sent the attached IRS Form 1099 on interest income accumulated on the proceeds of The Policy to the *"Mary B. Greer Estate"* for the tax year 2018. See Exhibit "C".

Subsequent to the above May 21, 2018 letter from your company, Marilyn received another letter dated July 31, 2018 which erroneously stated that the insurance proceeds were *"due to the Estate of William Greer".* See Exhibit "D". This conclusion has no basis in fact. The Policy terms nor Texas law as set forth above. If The Policy terms are followed, the proceeds are payable to the Estate. If Texas law is followed, it is paid to the only living relative, Marilyn. In either event, Marilyn J. Greer, individually and/or as the sole beneficiary of the Estate is entitled to the insurance proceeds of The Policy.

Pursuant to the requirements of the May 21, 2018 letter, please find enclosed:

1. A certified copy of the Letter Testamentary issued to Marilyn J. Greer in her capacity as independent executrix of the Estate of Mary B. Greer, Deceased.

2. A completed Statement of Claim for Death Benefit form signed off by Marilyn.

3. Completed W-9 Form with the TIN of the Estate.

4. Cancelled Estate check.

5. Authorization from Marilyn J. Greer to the undersigned to pursue the claim for proceeds of The Policy on her behalf.

JOHN HANCOCK LIFE INSURANCE COMPANY
April 11, 2019
Page 3


    <u>Demand is herein made for the payment of the insurance proceeds of policy no. 93 902 849 to Marilyn J. Greer in her capacity as independent executrix of the Estate of Mary B. Greer, Deceased.</u>  Should any questions arise, please contact the undersigned.

        Very truly yours,

        THE LAW OFFICES OF LEONARD S. ROTH, P.C.

    By:   *Leonard S. Roth*

        /Leonard S. Roth


cc:    Ms. Marilyn J. Greer (w/encl)

JOHN HANCOCK LIFE INSURANCE COMPANY
April 11, 2019
Page 4

EXHIBIT "A"

Copy of John Hancock letter
dated May 21, 2018

To: 7136224227                                    From: 7135268589                      4-01-19  12:25pm  p. 2  of 2
      RECEIVED  04/01/2019 12:5?    7135268589         HUCKIN FINANCI:
      Manulife..|.                  ?.../04/2019 12:58:07 PM   PAGE   2/002   Fax Server

*John Hancock.*

May 21, 2018

MARILYN J GREER
3324 PARKWOOD DR
HOUSTON TX 77021-1139

Dear Marilyn Green:

RE:      Policy No. 93 902 849   Insured(s): Mary Greer
         John Hancock Life Insurance Company (U.S.A.)

Please accept our condolences on the loss of Mary Greer:

Since the named beneficiary, William Greer, predeceased the insured, the death claim benefit is now payable to
the Estate of Mary Greer.

The enclosed Statement of Claim for Death Benefit form must be completed by the personal representative of the
Estate of Mary Greer and the completed form must be submitted with the following:

- Certified copy of the original Death Certificate that indicates the cause and manner of death  ✓
- The Policy Contract or the completed "Statement of Lost or Destroyed Policy" section on the claim form
- Duly completed W-9 Form – Must reflect the Estate name, dated signature of the personal representative
  and the Estate Tax Identification Number
- Photocopy of the Letters Testamentary or Letters of Administration for the Estate of Mary Greer  ✓

Please note that claim interest will be paid at such a rate as required by the contract or state law, whichever is
greater. Our current rate is 1.25%; however, it is subject to change.

Should you have any questions or require additional information, please contact our Customer Service Center at
1-800-387-2747.

Sincerely,

John Hancock Life Insurance Claims

Enclosures:  PS5119US - Statement of Claim for Death Benefit
             E-865LIFEPRO

| Courier Address | Mailing Address |
|---|---|
| Life Port Issue  Claims | Life Port Issue - Claims |
| 30 Dan Road Suite 55970, Canton MA 02021 | PO Box 55970, Boston MA 02205 |
| Toll Free: 1-800-387-2747  Fax: (617) 572-1571 | Toll Free: 1-800-387-2747  Fax: (617) 572-1571 | · www.jhlifeinsurance.com |

JOHN HANCOCK LIFE INSURANCE COMPANY
April 11, 2019
Page 5


EXHIBIT "B"

Copy of Chapter 1103, Section 1103.152(c)
of the Texas Insurance Code

# INSURANCE CODE

## TITLE 7.   LIFE INSURANCE AND ANNUITIES

## SUBTITLE A.   LIFE INSURANCE IN GENERAL

## CHAPTER 1103.   LIFE INSURANCE POLICY BENEFICIARIES

### SUBCHAPTER D.   FORFEITURE OF BENEFICIARY'S RIGHTS

§ 1103.151.   Forfeiture
§ 1103.152.   Payment of Proceeds to Contingent Beneficiary or to Relative

#### Cross References

Life insurance and annuity contracts issued to certain persons, V.T.C.A., Insurance Code § 1104.021 et seq.

## SUBCHAPTER D   FORFEITURE OF BENEFICIARY'S RIGHTS

### § 1103.151.   Forfeiture

A beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured.

Added by Acts 2001, 77th Leg., ch. 1419, § 2, eff. June 1, 2003.

#### Cross References

Convicted person, inheritance, V.T.C.A., Probate Code, § 41, 495.

#### Leading Cases

Estate of Stafford, 244 S.W.3d 368 (Tex. App.—Beaumont 2007)—no jury Christmas, upheld even though beneficiary's criminal conviction of murder was on appeal.

### § 1103.152.   Payment of Proceeds to Contingent Beneficiary or to Relative

(a) Except as provided by Subsection (b), if a beneficiary of a life insurance policy or contract forfeits an interest in the policy or contract under Section 1103.151, a contingent beneficiary named by the insured in the policy or contract is entitled to receive the proceeds of the policy or contract.

(b) A contingent beneficiary is not entitled to receive the proceeds of a life insurance policy or contract if the contingent beneficiary forfeits an interest in the policy or contract under Section 1103.151.

(c) If there is not a contingent beneficiary entitled to receive the proceeds of a life insurance policy or contract under Subsection (a), the nearest relative of the insured is entitled to receive those proceeds.

Added by Acts 2001, 77th Leg., ch. 1419, § 2, eff. June 1, 2003.

JOHN HANCOCK LIFE-INSURANCE COMPANY
April 11, 2019
Page 6

EXHIBIT "C"

Copy IRS Form 1099.

JOHN HANCOCK LIFE INS. CO. (U.S.A.)
LIFE - POST ISSUE - CLM TAX MAIL
P.O. BOX 55979
BOSTON MA 02205-5979

**Combined Tax Statement for**
**Forms 1098, 1099, 5498 for Tax Year 2018**

4116

0297483    J1 AB0 4C5 *AUTO T1 D2550 77001 I13924 *601P0?00041 .

MARY B GREER ESTATE
3324 PARKWOOD DR
HOUSTON, TX 77021-1139

| FILER'S FEDERAL ID NO. |
| :---: |
| 01-0233346 |

| CUSTOMER SERV. PH# |
| :---: |
| (800) 387-2747 |

| TAXPAYER'S FEDERAL ID NO. |
| :---: |
| |

| ACCOUNT NUMBER (see instructions) | ACCOUNT TYPE | IRS DESCRIPTION | IRS BOX # | AMOUNT |
| :--- | :--- | :--- | :--- | :--- |
| MVMU93902849 | * * * 2018 FORM 1099-INT, INTEREST INCOME * * * | | | |
| | | INTEREST INCOME | 1 | 1253.12 |
| | | FEDERAL INCOME TAX WITHHELD | 4 | 300.75 |



PLEASE ADVISE US IMMEDIATELY IF THE LAST 4 DIGITS OF YOUR TAX ID NUMBER SHOWN IS INCORRECT SINCE THERE ARE
PENALTIES FOR INCORRECT NUMBERS. ALL CORRECTIONS AND INQUIRIES SHOULD BE FORWARDED TO THE ADDRESS IN THE
UPPER LEFT-HAND CORNER. PLEASE NOTE YOUR COMPLETE TAX ID NUMBER WILL BE PROVIDED TO THE IRS AS REQUIRED

JOHN HANCOCK LIFE INSURANCE COMPANY
April 11, 2019
Page 7

EXHIBIT "D"

Copy of John Hancock letter
dated July 31, 2018



July 31, 2018

MARILYN GREER
3324 PARKWOOD DR
HOUSTON TX 77021

Dear Marilyn Greer

RE:       Policy No. 93 902 849   Insured(s):  Mary Greer
          John Hancock Life Insurance Company (U.S.A.)

We have received the claim materials submitted under the above listed contract. Please accept our condolences for your loss.

According to our records, the death benefit proceeds are due to the Estate of William Greer.

Please be informed that since the net death benefit payable for the above policy exceeds $50,000.00, we will require the following documentation in order to settle the claim:

- Certified copy of the Court Certificate of Appointment of the Administrator/Executor of the Estate
- Completed Statement of Claim for Death Benefit form with the Estate's information signed by the Administrator/Executor on behalf of the Estate
- Properly completed Form W-9 with the Estate name, Federal Tax Classification ticked and Employer Identification Number (EIN) of the Estate, signed and dated by the Administrator/Executor of the Estate

Note: IRS regulations state that an Estate should have its own Tax Identification Number. Should you choose not to obtain or provide a Tax Identification Number for the Estate that complies with IRS regulations, applicable federal and state withholding will be deducted from the interest payable, and reported to the IRS as backup tax withholding.

Statement of Claim for Death Benefit Forms and Form W-9s can be downloaded from the following website: http://www.johnhancock.com/forms/forms_life_insurance.html.

Courier Address
Life Post Issue Claims
30 Dan Road Suite 55050, Canton MA 02021
Toll Free. 1-800-387-2747. Fax: 617-572-1371

Mailing Address
Life Post Issue - Claims
P.O. Box 55050, Boston MA 02205
Toll Free. 1-800-387-2747. Fax: 617-572-1371                    www.johnhancock.com



# Diane Trautman
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### PROBATE COURTS DEPARTMENT

| | |
|---|---|
| In Matter of Probate | { Docket No. 467380 |
| County Probate Court No. 3 | { |
| | { In the Estate of: Mary B. Greer, |
| Harris County, Texas | { Deceased |

## LETTERS TESTAMENTARY

Know all men by these presents that it is hereby certified:

1. On July 17, 2018, Marilyn J. Greer was duly appointed by order of said court as **Independent Executor,** of the Last Will and Testament of Mary B. Greer, Deceased;

2. On July 17, 2018, said Independent Executor qualified as the law requires;

3. Insofar as the records in my office show, said Independent Executor is still acting in said capacity.

Witness my hand and seal of said court, at Houston, Texas, on April 08, 2019.

(SEAL)

Diane Trautman, County Clerk
County Probate Court No. 3
201 Caroline, Room 800
Harris County, Texas

Andrea Guzman
Deputy County Clerk



## Statement of Lost Policy

Mail or fax your request to:
Life Post Issue – Customer Service Center
John Hancock
PO Box 55979
Boston, MA 02205

Fax: 1-617-572-1571

---

### Section A - Owner/Life Insured Information

1. a) Name of Owner(s): Estate of Mary B. Greer, Deceased
   b) Policy Number: 93 902 549

   c) Insured(s): Mary B. Greer

   d) Owner's Address: 3324 Parkwood Drive, Houston, Texas 77021

   e) Home Phone No: 713.446.2972    f) Fax Number: 713.662.4227    g) Email Address: marilyngree99@gmail.com

### Section B - Service Request - Please select appropriate instruction

Please send me the following (check one box)

☐ Statement of Insurance (no charge) - Not available for MPI or WPI products

OR

☑ Duplicate policy ($20 00 charge) - Not available for policies issued prior to 1965 - Not available for MPI or WPI products

- Complete Section C.
- Mail this form to the above mentioned address based on product type
  ☐ Mail to Address of Record    ☑ Email policy if available
- If duplicate policy is requested, please also include a $20 00 check or money order made payable to John Hancock.
- If this policy is collaterally assigned to a bank or other lending institution, the Assignee must also sign.

### Section C - Signatures

The policy listed in Section A cannot be located because it was mislaid or destroyed on or about: ___ 08 4 2017

I understand that John Hancock will honor the duplicate policy or Statement of Insurance issued under this request according to the terms and conditions of the original policy

Signed at State _____    Date

Marilyn J Greer, executor of Estate
of Mary B. Greer,
deceased    April 8, 2019

Name of Owner (Please print)    Signature of Owner(s) x Marilyn J Greer

Name of Owner(s) (Please print)    Signature of Owner(s)
                                    x

Title (required For Corporate Owned or Trust Company or Assignee)    Signature of Assignee
                                                                      x

Title (required For Corporate Owned or Trust Company or Assignee)    Signature of Assignee
                                                                      x

---

PS5117US(06.2013).

Insurance products are issued by: John Hancock Life Insurance Company (U.S.A.) (not licensed in New York), Boston, MA 02116; John Hancock Life Insurance Company of New York, Valhalla, NY 10595 and John Hancock Life & Health Insurance Company, herein collectively referred to as John Hancock.

April 8, 2019

John Hancock _____ $20.00

$ and no/100s

America
William J. Greer
902 6-428

Marilyn Greer

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send it to the IRS.**

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
Mary B. Greer

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☑ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.
3324 Parkwood Drive

Requester's name and address (optional)

**6** City, state, and ZIP code
Houston, Texas, 77021

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 3.*

---

**Part I**   **Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

Note: If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number
| | | | – | | | – | | | | |

or

Employer identification number
| 8 | 3 | – | 6 | 3 | 1 | 0 | 4 | 0 | 2 |

---

**Part II**   **Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶ *Marilyn J Green, Executor*   Date ▶ 4/4/2019

---

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Cat. No. 10231X                                  Form **W-9** (Rev. 10-2018)

John Hancock Life Insurance Company
1 John Hancock Way, Suite 1350
Boston, MA 02217-1350

RE:   Life Insurance Policy No. 93 902 849
      Insured: MARY GREER
      John Hancock Life Insurance Company

    I, MARILYN JANE GREER, as Independent Executrix of the Estate of Mary B. Greer, Deceased (the "Estate"), beneficiary of the above-mentioned policy, do hereby authorize THE LAW OFFICES OF LEONARD S. ROTH, PC, counsel for the Estate, to communicate with John Hancock Life Insurance Company on behalf of myself and the Estate in regard to the above-mentioned policy.

                                                                 _____
                                                             MARILYN JANE GREER

SWORN TO and subscribed before me on April 8, 2019.

_____
Notary Public, State of Texas

JESSICA GONZALEZ
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 28, 2019

**EXHIBIT "G"**

Copy of Page 3.0A of the
FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY

ULG7R

*F11-2NTV55*

## 1. POLICY SPECIFICATIONS

| | | |
|---|---|---|
| LIFE INSURED | MARY GREER | AGE AT POLICY DATE  81 |
| POLICY NUMBER | 93 902 849 | POLICY DATE   AUG  2, 2007<br>ISSUE DATE   FEB 22, 2008 |
| OWNER | WILLIAM GREER | |
| BENEFICIARY | AS DESIGNATED IN THE APPLICATION OR SUBSEQUENTLY CHANGED | |
| PREMIUM MODE | ANNUALLY | |

BEGINNING ON
MON DAY YEAR          PLANNED PREMIUM
AUG  2,   2007          1.  $20,069.89 FOR 24 YEARS          2.  $0.00 THEREAFTER

GOVERNING LAW          TEXAS

This policy provides life insurance coverage for the lifetime of the life insured if sufficient premiums are paid. Premium payments in addition to the planned premium shown may need to be made to keep this policy and coverage in force.

Keeping the policy and coverage in force will be affected by factors such as:  changes in the current cost of insurance rates; the amount, timing and frequency of premium payments; the interest rate being credited to the guaranteed interest account; changes to the death benefit option; decreases in the face amount; loan activity; and partial withdrawals.  Also refer to the Grace Period and Policy Termination provisions under sections 7 and 8 of your policy.

This policy will not go into default if all planned premiums shown above are paid when they are due, and you do not take any policy loans or withdrawals.  For purposes of the preceding statement we have assumed maximum mortality, maximum expenses, minimum interest and that you do not terminate any supplementary benefit riders issued with your policy.

Plan details, risk classification and additional rating are shown on the next page.

3.0A

## EXHIBIT "H"

Copy of
INFORCE SNAPSHOT ILLUSTRATION
dated August 2, 2017

From: 7135268589
RECEIVED  04/03/2019 06:57PM  7135268589,     HUCKIN FINANCIAL          4-04-19  12:25pm   p. 7  of 8
anulife...                          03/04/2019 6:52:26 PM  PAGE   7/008    Fax Server

# John Hancock Life Insurance Company (U.S.A.)

### A LIFE INSURANCE POLICY ILLUSTRATION

A Flexible Premium Adjustable Life Insurance Policy
Inforce Snapshot Illustration

Protection UL-G  Form: 08PROULG

Illustration Assumptions
MARY GREER
Female - Standard NonSmoker
Age: 31
Policy Number: 99902849
Issue Date: 08/02/2007

Current Death Benefit $350,000
Billing Mode: Annual
Death Benefit Option 1: Cash Value Accumulation Test
State: Texas

| Policy Year | Planned Premium | | Net Outlay | Policy Value | Net Surrender Value | Net Death Benefit | Net Outlay | Policy Value | Net Surrender Value | Net Death Benefit |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Guaranteed at 3.00% | | | | Non-Guaranteed at 4.00% | |
| 11 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 12 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 13 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 14 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 15 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 16 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 17 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 18 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 19 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 20 | 20,070 | | 20,070 | 0 | 0 | 350,000 | 20,070 | 0 | 0 | 350,000 |
| 25 | 0 | | 0 | 0 | 0 | 350,000 | 0 | 0 | 0 | 350,000 |
| 30 | 0 | | 0 | 0 | 0 | 350,000 | 0 | 0 | 0 | 350,000 |
| 35 | 0 | | 0 | 0 | 0 | 350,000 | 0 | 0 | 0 | 350,000 |
| 40 | 0 | | 0 | 0 | 0 | 350,000 | 0 | 0 | 0 | 350,000 |
| 44 | 0 | | 0 | 0 | 0 | 350,000 | 0 | 0 | 0 | 350,000 |

1. Current policy year values reflect the status of your policy as of 08/02/2017. All future values are projected based on these policy values.

2. All illustrated values (including those labeled as guaranteed) assume that all illustrated premiums will be paid and that they will be paid at the beginning of each year. Policy values, cash surrender values and death benefits are end of year values. Only values labeled as guaranteed will be guaranteed contractually in your policy. The Guaranteed interest rate will not be less than 3.00%. Guaranteed values also reflect maximum charges.

3. Illustrated scale values are not guaranteed and are based on current cost of insurance charges and an interest rate of 4.00% which are both subject to change. Actual results may be more or less favorable.

This is your Inforce Snapshot Illustration and is valid only if all illustration pages are included.
Copyright © 2017 John Hancock Life Insurance Company (U.S.A.). All Rights Reserved.
Version: 13.3 H[0-5-2386-1321509-1073741823] - NL    Page 1 of 2                    08/03/2017 08:20:12 AM



# Diane Trautman
COUNTY CLERK, HARRIS COUNTY, TEXAS
PROBATE COURTS DEPARTMENT

**County Probate Court No. 3**

### PERSONAL CITATION

| The State of Texas | { | Docket No: 467380-401 | Receipt No.  Private Service |
|---|---|---|---|
| County of Harris | { | In the Estate of: Mary B. Greer, Deceased | |

Marilyn J. Greer, Individually and as Independent Executor
of the Estate of Mary B. Greer, Deceased
vs
John Hancock Life Insurance Company (USA)

**To:** <u>John Hancock Life Insurance Company (USA), by and through its Registered Agent-Customer Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.</u>

Greetings:

You are hereby commanded to appear by filing a written contest or answer on said **Petition for Declaratory Judgment to Determine Beneficiary of Life Insurance Contract** filed May 14, 2019, (hereto attached) before the Honorable Probate Court No. 3 (Three) of Harris County, Texas, Civil Courthouse, 201 Caroline, Houston, Texas on or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, by filing it with the Probate Clerk, Civil Courthouse, 201 Caroline, Room 800, Houston, Texas, or mailing to P.O. Box 1525, Houston, Texas 77251-1525.

> Notice: **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."**

Issued and given under my hand of said court, at Houston, Texas, on this the 16th day of May, 2019.

(Seal)

Diane Trautman, County Clerk
County Probate Court No. 3
201 Caroline, Room 800
Harris County, Texas

_____
Karina Marino
Deputy County Clerk

Attorney:    Matthew G. Wheatley
4265 San Felipe, Suite 500
Houston, TX  77027
713-622-4222

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-8585

www.cclerk.hctx.net

EXHIBIT B-3

FILED
5/20/2019 9:45 AM
Diane Trautman
County Clerk
Harris County - County Probate Court No. 3
Accepted By: AA

### CAUSE NO. 467380-401

| | | |
|---|---|---|
| MARILYN J. GREER, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF MARY B. GREER, DECEASED **PLAINTIFF** | § § § § | IN THE Probate Court No. 3 |
| VS. | § § § | HARRIS COUNTY, TX |
| JOHN HANCOCK LIFE INSURANCE COMPANY (USA) **DEFENDANT** | § § § § | |

### RETURN OF SERVICE

**ON Friday, May 17, 2019 AT 12:37 PM**
CITATION, PETITION FOR DECLARATORY JUDGMENT TO DETERMINE BENEFICIARY OF LIFE INSURANCE CONTRACT, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H for service on JOHN HANCOCK LIFE INSURANCE COMPANY (USA) C/O REGISTERED AGENT CUSTOMER SERVICE CENTER came to hand.

**ON Friday, May 17, 2019 AT 1:41 PM, I, Alan Williams, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** JOHN HANCOCK LIFE INSURANCE COMPANY (USA) C/O REGISTERED AGENT CUSTOMER SERVICE CENTER, by delivering to designated agent, Adam Ways., 211 E. 7TH STREET SUITE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Alan Williams. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 12124, expires 7/31/2019). My date of birth is 4/30/1994. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Friday, May 17, 2019 AT 1:41 PM.

/S/ Alan Williams

Gree4587

Doc ID: 262893_1

EXHIBIT B-4

FILED
5/28/2019 1:33 PM
Diane Trautman
County Clerk
Harris County - County Probate Court No. 3
Accepted By: AA

NO. 467,380-401

| | | |
|---|---|---|
| MARILYN J. GREER, INDIVIDUALLY | § | IN THE PROBATE COURT |
| AND AS INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF MARY B. GREER, | § | |
| DECEASED, Petitioner | § | |
| | § | |
| VS. | § | NUMBER TWO (2) OF |
| | § | |
| JOHN HANCOCK LIFE | § | |
| INSURANCE COMPANY (USA), | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## NOTICE OF SUBMISSION

Please take notice that at or after at **9:00 a.m.** on Thursday, **May 30, 2019**, the *Petition for Declaratory Judgment to Determine Beneficiary of Life Insurance Contract* filed by the **ESTATE OF MARY B. GREER, DECEASED**, by and through **MARILYN J. GREER**, as the Independent Executor and **MARILYN J. GREER**, individually (collectively "Petitioner") will be submitted to the Court for ruling without the necessity of an oral hearing, unless demand for one is made.

Respectfully submitted,

THE LAW OFFICES OF LEONARD S. ROTH, P.C.

By: _Leonard S. Roth_

Leonard S. Roth
State Bar No. 17313550
Matthew G. Wheatley
State Bar No. 24102819
4265 San Felipe, Suite 500
Houston, Texas 77027
ph: (713) 622-4222
fax: (713) 622-4227
email: lsrpc@aol.com

ATTORNEYS FOR COMPLAINANT

EXHIBIT B-5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Submission has been delivered to counsel of record indicated below on _____, 2019.

**Andrew G. Jubinsky**                                                                          **VIA EFILE**
andy.jubinsky@figdav.com
**Raha Assadi**
raha.assadi@figdav.com
Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202

By:_____
Leonard S. Roth

FILED
5/29/2019 10:42 AM
Diane Trautman
County Clerk
Harris County - County Probate Court No. 3
Accepted By: JA

NO. 467,380-401

| | | |
|---|---|---|
| MARILYN J. GREER, INDIVIDUALLY | § | IN THE PROBATE COURT |
| AND AS INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF MARY B. GREER, | § | |
| DECEASED, Petitioner | § | |
| | § | |
| VS. | § | NUMBER TWO (2) OF |
| | § | |
| JOHN HANCOCK LIFE | § | |
| INSURANCE COMPANY (USA), | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## NOTICE OF SUBMISSION

Please take notice that at or after at **9:00 a.m.** on Thursday, **July 11, 2019**, the *Petition for*

*Declaratory Judgment to Determine Beneficiary of Life Insurance Contract* filed by the **ESTATE**

**OF MARY B. GREER, DECEASED** ("Estate"), by and through **MARILYN J. GREER**, as the

Independent Executor and **MARILYN J. GREER**, individually (collectively "Petitioner") will be

submitted to the Court for ruling without the necessity of an oral hearing, unless demand for one is

made.

Respectfully submitted,

THE LAW OFFICES OF LEONARD S. ROTH, P.C.

By: _____
Leonard S. Roth
State Bar No. 17313550
Matthew G. Wheatley
State Bar No. 24102819
4265 San Felipe, Suite 500
Houston, Texas 77027
ph: (713) 622-4222
fax: (713) 622-4227
email: lsrpc@aol.com

ATTORNEYS FOR PETITIONER

EXHIBIT B-6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following attorneys of record as follows:

Raha Assadi                                    VIA EFILE
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Email: raha.assadi@figdav.com

on this _____ 29th _____ day of _____ MAY _____, 2019.

_____
Leonard S. Roth

FILED
6/6/2019 2:02 PM
Diane Trautman
County Clerk
Harris County - County Probate Court No. 3
Accepted By: AJ

NO. 467,380-401

| | | |
|---|---|---|
| MARILYN J. GREER, INDIVIDUALLY | § | IN THE PROBATE COURT |
| AND AS INDEPENDENT EXECUTOR | § | |
| OF THE ESTATE OF MARY B. GREER, | § | |
| DECEASED, Petitioner, | § | |
| | § | |
| VS. | § | NUMBER THREE (3) OF |
| | § | |
| JOHN HANCOCK LIFE | § | |
| INSURANCE COMPANY (USA), | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S ORIGINAL ANSWER**

Defendant John Hancock Life Insurance Company (U.S.A.) ("Defendant") files its original answer, and states:

1.      Subject to such admissions and stipulations as may be made at or before time of trial, Defendant denies generally and specially the material allegations in the Petition for Declaratory Judgment to Determine Beneficiary of Life Insurance Contract pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.      Defendant requests the following relief:

(a)      That Petitioner take nothing by reason of her suit;

(b)      That Defendant be dismissed with its costs; and

(c)      That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

EXHIBIT B-7

Dated: June 6, 2019          Respectfully submitted,

By: ___*/s/ Andrew G. Jubinsky*___
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Raha Assadi
    Texas Bar No. 24105444
    raha.assadi@figdav.com

FIGARI + DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT JOHN HANCOCK LIFE
INSURANCE COMPANY (U.S.A)

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on June 6, 2019.

Leonard S. Roth
Matthew G. Wheatley
The Law Offices of Leonard S. Roth, P.C.
4265 San Felipe, Suite 500
Houston, Texas 77027
lsrpc@aol.com
*Attorneys for Petitioner*

          */s/ Andrew G. Jubinsky*___
          Andrew G. Jubinsky